■ WINSOME SPAULDING, Appellant, v MT. VERNON HOSPITAL et al., Defendants, and GLORIA TANG, Respondent. [725 NYS2d 358] —In an action, *inter alia*, to recover damages for medical malpractice, the plaintiff appeals, as limited by her notice of appeal and brief, from so much of an order of the Supreme Court, Westchester County (Rudolph, J.), entered March 2, 2000, as granted that branch of the motion of the defendant Gloria Tang which was for summary judgment dismissing the complaint insofar as asserted against her as time-barred, and denied, in effect, as academic, her cross motion for partial summary judgment on the issue of liability against the defendant Gloria Tang.

Ordered that the order is affirmed insofar as appealed from, with costs payable to the respondent by the appellant.

In November 1994, the plaintiff allegedly sustained injuries to her right wrist, forearm, and hand as a result of the improper insertion of an intravenous line during her hospitalization at the defendant Mt. Vernon Hospital (hereinafter the Hospital) for labor, delivery, and a subsequent tubal ligation. In January 1997 she commenced this action to recover damages for medical malpractice and lack of informed consent against the Hospital and Imelda Coraza, the nurse who cared for her from the evening of November 18, 1994, until the morning of November 19, 1994, when she was in labor. By supplemental summons and amended complaint dated March 1998, Gloria Tang, the anesthesiologist for the tubal ligation procedure, was added as a defendant.

After discovery was completed, Tang moved for summary judgment dismissing the complaint insofar as asserted against her based on, *inter alia*, her affirmative defense that the action was barred by the applicable Statute of Limitations (*see,* CPLR 214-a). In opposition to the motion, the plaintiff contended that Tang and the Hospital were united in interest and that the causes of action against Tang related back to those timely asserted against the Hospital (*see,* CPLR 203 [b], [c]). The Supreme Court granted the motion and we affirm.

The applicability of the relation-back doctrine requires proof that (1) both claims arose out of the same conduct, transaction, or occurrence, (2) the new party is united in interest with the original defendant, and by reason of that relationship can be charged with such notice of the institution of the action that the new party will not be prejudiced in maintaining its defense on the merits, and (3) the new party knew or should have known that, but for a mistake by the plaintiff as to the identity of the proper parties, the action would have been brought

against that party as well (*see, Buran v Coupal,* 87 NY2d 173, 178-179; *Austin v Interfaith Med. Ctr.,* 264 AD2d 702, 703). The burden is on the plaintiff to establish the applicability of the doctrine once a defendant has demonstrated that the Statute of Limitations has expired (*see, Austin v Interfaith Med. Ctr., supra*).

The plaintiff failed to meet her burden in this case. Although there may be a question of fact as to whether the Hospital and Tang are united in interest (*see, Harrington v Neurological Inst.,* 254 AD2d 129; *Henderson v Marx,* 251 AD2d 988; *Connell v Hayden,* 83 AD2d 30, 45), neither the first nor third requirements for applicability of the relation-back doctrine have been satisfied. As to the first requirement, the claims did not arise out of the same conduct. The causes of action asserted against the Hospital in the original complaint were based on the Hospital's vicarious liability for Coraza's alleged negligence in improperly inserting a needle into the plaintiff's arm while the plaintiff was in labor the evening of November 18, 1994. The original complaint was not based upon any conduct on the part of Tang. The causes of action asserted against Tang in the amended complaint, however, are based on entirely different conduct—Tang's alleged negligence in improperly inserting an intravenous line on November 20, 1994, when the tubal ligation was performed and in failing to timely diagnose the plaintiff's alleged injury when she examined the plaintiff on November 21, 1994. In amending her complaint, the plaintiff asserted a new, alternative theory of recovery, contending that either Coraza or Tang, who are apparently similar in appearance, improperly inserted the needle which allegedly caused her injuries. Notably, however, the plaintiff testified at her deposition that the painful needle insertion occurred while she was in labor when the nurse attempted to open an intravenous line or take blood.

The third requirement for applicability of the relation-back doctrine also was not satisfied as Tang had no reason to know that, but for a mistake, the action, which was based on Coraza's alleged negligence, would have been brought against her as well. Since the relation-back doctrine is not applicable, the Supreme Court properly granted that branch of Tang's motion which was for summary judgment dismissing the complaint insofar as asserted against her as time-barred.

The plaintiff's remaining contentions are either without merit or academic. O'Brien, J. P., Altman, Luciano and Adams, JJ., concur.