■ RONALD B. LOSNER et al., Respondents, v CASHLINE, L.P., et al., Defendants, and NORTH FORK BANK, Appellant. [757 NYS2d 91] —In an action, inter alia, to set aside a conveyance of real property as fraudulent, the defendant North Fork Bank appeals, as limited by its brief, from so much of an order of the Supreme Court, Richmond County (Ponterio, J.), dated February 5, 2002, as granted those branches of the plaintiffs' motion which were for leave to serve a second amended complaint naming it as a defendant and to consolidate this action with three pending foreclosure actions to the extent of directing that the actions be tried jointly.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiffs (hereinafter the Losners) are the former owners of real property located at 1072 Victory Boulevard, Staten Island. On December 14, 1993, Green Point Savings Bank (hereinafter Green Point) foreclosed a first mortgage on the premises and thereafter conveyed title to the defendant Cantico International Ltd. (hereinafter Cantico) for $150,000. Cantico executed and delivered two mortgages covering the premises to the defendant 2A Sagamore Hill Road Corp. (hereinafter Sagamore). On March 7, 1994, Sagamore assigned the consolidated mortgages to North Fork Bank, as Trustee of the IRA account of Leo Kornblath (hereinafter North Fork). The assignment of the mortgages to North Fork was duly recorded with the Richmond County Clerk on May 9, 1994.

On December 20, 1994, the Losners commenced this action to void the transfer of the premises from Green Point to Cantico and to nullify the mortgages assigned by Sagamore to North Fork. The Losners claim that the Sagamore mortgages were fraudulent, and that the underlying transaction wherein title was conveyed to Cantico was fraudulent as against them and was predicated on a usurious loan. The Losners did not name North Fork as a defendant, and did not seek to add it as a party until August 2001, after the expiration of the applicable statute of limitations.

The Supreme Court correctly granted the Losners' motion to add North Fork as a defendant on the basis of the applicability of the relation-back doctrine. The relation-back doctrine requires the movant to establish that "(1) both claims arose out of the same conduct, transaction or occurrence, (2) the new party is united in interest with the original defendant, and by reason of that relationship can be charged with such notice of the institution of the action that the new party will not be prejudiced in maintaining its defense on the merits by the

delayed, otherwise stale, commencement, and (3) the new party knew or should have known that, but for a mistake by the plaintiff as to the identity of the proper parties, the action would have been brought against that party as well" (*Austin v Interfaith Med. Ctr.,* 264 AD2d 702, 703 [1999]; *see Buran v Coupal,* 87 NY2d 173, 177 [1995]; *Mondello v New York Blood Ctr.-Greater N.Y. Blood Program,* 80 NY2d 219, 226 [1992]). The dispute here concerns only the second and third prongs of the relation-back analysis.

Parties are united in interest only where the interest in the subject matter of the action is such that their defenses will be the same and they will either stand or fall together with respect to the plaintiff's claim (*see Prudential Ins. Co. v Stone,* 270 NY 154, 159 [1936]; *Gatto v Smith-Eisenberg,* 280 AD2d 640, 641 [2001]; *Connell v Hayden,* 83 AD2d 30, 40-41 [1981]). When parties are united in interest, the judgment against one will similarly affect the other (*see Prudential Ins. Co. v Stone, supra* at 159; *Desiderio v Rubin,* 234 AD2d 581, 583 [1996]).

Although North Fork may be a bona fide holder, an assignee of a mortgage takes subject to any defense that would have prevailed against its assignor (*see Hammelburger v Foursome Inn Corp.,* 54 NY2d 580, 586 [1981]; *Beck v Sheldon,* 259 NY 208, 211 [1932]; *Kommel v Herb-Gner Constr. Co.,* 256 NY 333, 336 [1931]). Thus, North Fork, as assignee, acquired no greater rights than those of Sagamore, the assignor, and took the mortgages subject to all the defenses the Losners possessed against Sagamore (*see State St. Bank & Trust Co. v Boayke,* 249 AD2d 535 [1998]; *Caprara v Charles Ct. Assoc.,* 216 AD2d 722, 723 [1995]; *Granick v Mobach,* 13 AD2d 534 [1961]). However, because North Fork is the holder of the mortgages, and Sagamore is not, an adverse judgment will affect North Fork's claim to the mortgages but will not similarly affect any rights of Sagamore, since it no longer has any interest in the mortgages (*cf. Desiderio v Rubin, supra* at 583). Nevertheless, because North Fork does not have any defenses available to it that Sagamore does not have, these parties will either stand or fall together with respect to the Losners' claims to set aside the mortgages as fraudulent. Accordingly, under the circumstances of this case, North Fork and Sagamore are united in interest.

With respect to the third prong of the relation back doctrine, New York law requires merely mistake—not excusable mistake—on the part of the plaintiff seeking the benefit of the relation-back doctrine (*see Buran v Coupal, supra* at 179; *Lopes v Interstate Concrete,* 265 AD2d 383, 384 [1999]; *State of New York v Gruzen Partnership,* 239 AD2d 735, 736 [1997]).

However, where the party suing "intentionally decides not to assert a claim against a party known to be potentially liable, there has been no mistake and the [party suing] should not be given a second opportunity to assert that claim after the limitations period has expired" (*Buran v Coupal, supra* at 181).

There is no merit to North Fork's argument that the Losners intentionally omitted it from the action. The Losners' failure to name North Fork as a defendant was merely inadvertent, and there is no evidence that the Losners were attempting to gain some tactical advantage by omitting North Fork from the action. In addition, North Fork does not dispute that, although it was not named as a defendant, it had notice of the Losners' action to set aside the mortgages as fraudulent within the applicable limitations period (*see Buran v Coupal, supra* at 180; *Williams v Majewski,* 291 AD2d 816, 817 [2002]; *Yaniv v Taub,* 256 AD2d 273, 275 [1998]; *Piccinich v Forest City Tech Place Assoc.,* 234 AD2d 528, 530 [1996]). North Fork should have known that, but for the Losners' mistake, the action would have been brought against it as the holder of the mortgages in dispute.

North Fork's remaining contentions are without merit. Krausman, J.P., Townes, Crane and Mastro, JJ., concur.