■ TARA SNOLIS et al., Appellants, v JOHN F. BIONDO, Defendant, and AMERICAN SUZUKI AUTOMOTIVE CREDIT, Respondent. [799 NYS2d 919]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Molia, J.), dated October 21, 2004, which granted the motion of the defendant American Suzuki Automotive Credit to dismiss the amended verified complaint insofar as asserted against it pursuant to CPLR 3211 (a) (5) as time-barred.

Ordered that the order is affirmed, with costs.

The Supreme Court properly declined to apply the relation-

back doctrine to this case on the ground that the plaintiffs added the defendant American Suzuki Automotive Credit as a party more than one year after they ascertained its identity and more than six months after they certified the case ready for trial. The Supreme Court was justified in denying the plaintiffs the benefit of the doctrine to prevent disruption in the normal course of the lawsuit and prejudice to American Suzuki Automotive Credit (*see Buran v Coupal*, 87 NY2d 173, 181 [1995]; *Cintron v Lynn*, 306 AD2d 118, 120 [2003]; *Williams v Majewski*, 291 AD2d 816, 818 [2002]). Adams, J.P., Goldstein, Crane and Skelos, JJ., concur.