■ BIPASHA MONIR, Appellant, v MUSLIMA J. KHANDAKAR, Defendant. MOHAMMAD WAHEDUR RAHMAN et al., Nonparty Respondents. [818 NYS2d 224]—

In an action to recover damages for dental malpractice, the plaintiff appeals from an order of the Supreme Court, Queens County (LeVine, J.), dated February 25, 2005, which denied her motion for leave to amend the summons and complaint to add Mohammad Wahedur Rahman and Cute Dental Care, P.C., as additional defendants.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion which was to add Cute Dental Care, P.C., as an additional defendant, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.

At various times between August 2000 and November 2000, the plaintiff was treated by the defendant dentist Muslima J. Khandakar and her husband, Mohammad Wahedur Rahman, also a dentist. Both practiced in the same office, counseled the plaintiff on possible treatment options, and performed work on the plaintiff's teeth. Among other things, Dr. Rahman performed an extraction on August 2, 2000, and he also installed a

temporary and, later, a permanent three-unit bridge to replace the extracted tooth. After September 8, 2000, Dr. Rahman stopped treating the plaintiff. Dr. Khandakar, however, continued to see and treat the plaintiff until approximately November 30, 2000.

Meanwhile, on or about October 23, 2000, Rahman and Khandakar incorporated their practice by forming Cute Dental Care, P.C. (hereinafter the corporation). Dr. Rahman and Dr. Khandakar are, respectively, the corporation's president and vice-president.

On or about April 17, 2002 the plaintiff commenced this action against Dr. Khandakar only. More than two years later, she sought leave to amend her complaint to add Dr. Rahman and the corporation as additional defendants. The Supreme Court denied her motion, and this appeal followed.

The relation-back doctrine "enables a plaintiff to correct a pleading error by adding either a new claim or a new party after the statutory limitations period has expired" (*Buran v Coupal*, 87 NY2d 173, 177 [1995]). "The burden is on the plaintiff to establish the applicability of the doctrine once a defendant has demonstrated that the Statute of Limitations has expired" (*Spaulding v Mt. Vernon Hosp.*, 283 AD2d 634, 635 [2001]).

Three conditions must be satisfied in order for the plaintiff's putative claims against Dr. Rahman and the corporation to relate back to her claim against Dr. Khandakar. First, all of the claims must arise out of the same conduct, occurrence, or transaction. Second, Dr. Rahman and the corporation must be "united in interest" with Dr. Khandakar so that they can be charged with notice of the institution of the lawsuit and not be prejudiced in maintaining their defense on the merits. Third, Dr. Rahman and the corporation must have actually or constructively known that, but for a mistake by the plaintiff as to the identity of the proper parties, the action would have been brought against them as well (*see Buran v Coupal*, 87 NY2d at 178, *supra*; *Mondello v New York Blood Ctr.-Greater N.Y. Blood Program*, 80 NY2d 219, 226 [1992]).

As to Dr. Rahman, the plaintiff failed to demonstrate that these conditions had been met, and therefore the Supreme Court properly denied that branch of her motion which sought to amend her complaint to add him as a defendant. Even assuming that the plaintiff sufficiently established that her putative claim against Dr. Rahman arose broadly from the same conduct, transaction, or occurrence forming the basis of her claim against Dr. Khandakar, namely her course of treatment at the office over a

period of approximately four months, she nevertheless failed to satisfy the remaining two conditions.

"Parties are united in interest only where the interest in the subject matter of the action is such that their defenses will be the same and they will either stand or fall together with respect to the plaintiff's claim" (*Losner v Cashline, L.P.*, 303 AD2d 647, 648 [2003]). While both Dr. Rahman and Dr. Khandakar participated in the plaintiff's overall course of treatment, the record reflects that each individually administered distinct treatments to the plaintiff on different dates over the course of several months. Absent some showing by the plaintiff that Dr. Rahman may be held liable for acts of malpractice committed by Dr. Khandakar, or vice versa (*see Hill v St. Clare's Hosp.*, 67 NY2d 72, 79 [1986]), we cannot conclude that the two are united in interest. Contrary to the plaintiff's contention, the mere fact that Dr. Rahman and Dr. Khandakar are married, and share the same office space, does not, ipso facto, make them liable for each other's professional acts.

Moreover, on this record, the Supreme Court correctly concluded that the plaintiff failed to demonstrate that her commencement of the action as against Dr. Khandakar but not Dr. Rahman was the product of a mistake as to the identity of the parties. The plaintiff knew that she had received treatment from two different dentists at different times. Indeed, she does not claim in her motion papers that she sued the wrong dentist, but instead maintains that she really meant to sue both dentists but made an "honest mistake as to the identity of proper parties." We agree with the Supreme Court that this contention is insufficient and unpersuasive.

We reach a different conclusion, however, with respect to the corporation. A professional corporation may be held vicariously liable for the tort of its employee committed within the scope of the corporation's business (*see Connell v Hayden*, 83 AD2d 30, 46 [1981]). It is undisputed that Dr. Khandakar continued treating the plaintiff for some time after the corporation was formed. To that extent, we find that Dr. Khandakar and the corporation are united in interest (*see Connell v Hayden, supra*), inasmuch as any liability visited on the corporation in this case could arise only from acts of malpractice committed by Dr. Khandakar. Thus, the first two conditions of the relation-back test are satisfied.

As to the third condition, the record supports the plaintiff's contention that her failure to sue the corporation was due simply to a mistake arising out of her lack of knowledge that the corporation existed, a fact she first discovered on October

10, 2003, when Khandakar was deposed. If, as the record indicates, the plaintiff's failure to commence the action against the corporation was due to a mistake, it is immaterial whether the mistake was excusable (*see Buran v Coupal*, 87 NY2d at 180-181, *supra*). Additionally, we agree with the plaintiff that timely service of process upon Dr. Khandakar—the corporation's vice-president—was sufficient in this case to show that the corporation had actual notice of the claim within the applicable limitations period. Under these circumstances, the plaintiff should have been granted leave to amend her complaint to add the corporation as a defendant. Florio, J.P., Skelos, Fisher and Dillon, JJ., concur.