■ Deborah Contos et al., Respondents, v Louise Mahoney et al., Defendants, and Nissan Motor Acceptance Corporation et al., Appellants. [828 NYS2d 477]—

In an action to recover damages for personal injuries, etc., the defendants Nissan Motor Acceptance Corporation, Nissan-Infiniti L.T., and NILT, Inc., appeal from an order of the Supreme Court, Queens County (Polizzi, J.), dated September 27, 2005, which denied their motion pursuant to CPLR 3211 (a)

(5) to dismiss the amended complaint insofar as asserted against them as time-barred.

Ordered that the order is reversed, on the law, with costs, and the motion to dismiss the amended complaint insofar as asserted against the appellants as time-barred is granted.

The Supreme Court erred in denying the motion of the defendants Nissan Motor Acceptance Corporation, Nissan-Infiniti L.T., and NILT, Inc. (hereinafter collectively Nissan), to dismiss the amended complaint based on the applicable statute of limitations (*see* CPLR 214 [5]). The plaintiff Deborah Contos allegedly was injured on September 4, 2001 when a vehicle driven by the defendant Bridget Mahoney, and leased by Nissan to the defendant Louise Mahoney, struck the vehicle in which Contos was a passenger. The plaintiffs timely commenced this action against the Mahoneys on July 18, 2002 but did not serve an amended complaint including additional causes of action against Nissan until April 11, 2005. The plaintiffs conceded that the action was not timely commenced against Nissan, but argued that the relation-back doctrine applied to preserve their otherwise expired causes of action (*see Buran v Coupal*, 87 NY2d 173, 177-178 [1995]). We disagree.

In order for a claim asserted against a new party to relate back to the date the claim was filed against the original defendant, the plaintiff must establish that "both claims arose out of same conduct, transaction or occurrence . . . the new party is 'united in interest' with the original defendant, and by reason of that relationship can be charged with such notice of the institution of the action that he will not be prejudiced in defending the action on the merits . . . and the new party knew or should have known that, but for a . . . mistake by plaintiff as to the identity of the proper parties, the action would have been brought against him as well" (*Buran v Coupal, supra* at 178, quoting *Brock v Bua*, 83 AD2d 61, 69 [1981]; *see Mondello v New York Blood Ctr.—Greater N.Y. Blood Program*, 80 NY2d 219, 226 [1992]).

Here, it is undisputed that the first element was satisfied. However, even assuming that the plaintiffs also established the second element, i.e., that Nissan was united in interest with the Mahoneys (*see Poulard v Papamihlopoulos*, 254 AD2d 266, 267 [1998]), the plaintiffs failed to establish the third and final element. The plaintiffs' failure timely to commence this action against Nissan was not the result of a mistake or an inability to identify the correct defendant within the applicable limitations period (*see Monir v Khandakar*, 30 AD3d 487, 489 [2006]; *Pappas v 31-08 Café Concerto*, 5 AD3d 452, 453 [2004]). More than

one year before the expiration of the statute of limitations, Louise Mahoney testified, at her deposition, that she leased the vehicle from Nissan. Additionally, prior to the expiration of the statute of limitations, the plaintiffs received a copy of the lease termination statement identifying Nissan as the lessor. Therefore, well before the expiration of the statute of limitations, the plaintiffs clearly knew that Nissan was the owner of the vehicle. Under the circumstances, their failure timely to name Nissan was not the result of a mistake as to the identity of the proper defendant. Therefore, Nissan's motion to dismiss should have been granted (*see Buran v Coupal*, 87 NY2d 173, 181 [1995]; *Monir v Khandakar, supra; Snolis v Biondo*, 21 AD3d 546, 547 [2005]; *Hughes v Bi Feng Nie*, 12 AD3d 406, 407 [2004]). Schmidt, J.P., Mastro, Santucci and Fisher, JJ., concur.