■ MARJORIE PORTER et al., Respondents, v NANCY ANNABI et al., Respondents, and KEY BANK USA, N.A., Now Known as KEYBANK NATIONAL ASSOCIATION, Appellant. (And Third-Party Actions.) [833 NYS2d 555]—

In an action to recover damages for personal injuries, etc., the defendant Key Bank USA, N.A., now known as Keybank National Association, appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Nicolai, J.), entered December 12, 2005, as denied that branch of its motion which was pursuant to CPLR 3211 (a) (5) to dismiss the amended complaint insofar as asserted against it as time-barred. The appeal brings up for review so much of an order of the same court entered April 18, 2006, as, upon reargument, denied that branch of the motion of the defendant Key Bank USA, N.A., now known as Keybank National Association, which was to sever the third-party actions, and adhered to its original determination denying that branch of the motion which was pursuant to CPLR 3211 (a) (5) to dismiss the amended complaint insofar as asserted against it as time-barred (*see* CPLR 5517 [b]).

Ordered that the appeal from so much of the order entered December 12, 2005, as denied that branch of the motion of the defendant Key Bank USA, N.A., now known as Keybank National Association, which was pursuant to CPLR 3211 (a) (5) to dismiss the plaintiffs' amended complaint insofar as asserted against it is dismissed as superseded by the order entered April 18, 2006, made upon reargument; and it is further,

Ordered that the order entered April 18, 2006 is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs.

In opposition to the prima facie showing made by the defendant Key Bank USA, N.A., now known as Keybank National Association (hereinafter Keybank), pursuant to CPLR 3211 (a) (5) that the action insofar as asserted against it was time-barred, the plaintiffs successfully carried their burden of establishing the applicability of the relation-back doctrine (*see* CPLR 203 [f]; *Austin v Interfaith Med. Ctr.*, 264 AD2d 702, 703 [1999]). In order for claims against one defendant to relate back to claims asserted against another, the plaintiffs must establish that (1) both claims arose out of the same conduct, transaction, or occurrence, (2) the new party is united in interest with the original defendant, and by reason of that relationship can be charged with notice of the institution of the action such that the new party will not be prejudiced in maintaining its defense on the merits, and (3) the new party knew or should have known that, but for a mistake by the plaintiffs as to the identity of the proper parties, the action would have been brought against that party as well (*see Buran v Coupal*, 87 NY2d 173, 178 [1995]; *Pappas v 31-08 Café Concerto*, 5 AD3d 452, 453 [2004]; *Brock v Bua*, 83 AD2d 61, 69 [1981]). Here, it is undisputed that the first two prongs of the test were satisfied. Further, the plaintiffs demonstrated that their initial failure to name Keybank as a defendant was a mistake, rather than an intentional decision not to assert the claim in order to gain a tactical advantage (*see Buran v Coupal, supra* at 181; *Losner v Cashline, L.P.*, 303 AD2d 647, 649 [2003]; *cf. Contos v Mahoney*, 36 AD3d 646 [2007]; *Snolis v Biondo*, 21 AD3d 546, 546-547 [2005]). The Supreme Court properly determined that Keybank knew or should have known of the plaintiffs' claims (*see Losner v Cashline, L.P., supra* at 649; *Austin v Interfaith Med. Ctr., supra* at 704), since it received a substantial insurance check for damage to the subject vehicle less than one month after the accident.

Accordingly, the Supreme Court correctly denied that branch of Keybank's motion which was to dismiss the amended complaint insofar as asserted against it as time-barred.

To the extent that Keybank raises issues concerning that branch of its motion which was for summary judgment on its cross claims seeking common-law and contractual indemnification, we note that such issues are not properly before us, as that branch of the motion remains pending and undecided in the Supreme Court (*see Katz v Katz*, 68 AD2d 536, 542-543 [1979]).

Finally, Keybank has failed to persuade us that, upon reargument, the Supreme Court improvidently exercised its discretion in denying that branch of its motion which was to sever the third-party actions (*see Lamarca v Super Structure Bldrs., Inc.*, 35 AD3d 818 [2006]; *Naylor v Knoll Farms of Suffolk County, Inc.*, 31 AD3d 726 [2006]). Crane, J.P., Skelos, Covello and Dickerson, JJ., concur.