■ JUAN RIVERA et al., Appellants, v JOSEPH FISHKIN et al., Respondents. [852 NYS2d 284]—

In an action, inter alia, to recover damages for medical malpractice, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Levine, J.), dated December 15, 2006, which denied their motion for leave to serve a second amended complaint.

Ordered that the order is reversed, on the facts and in the exercise of discretion, with costs, the plaintiffs' motion for leave to serve a second amended complaint is granted, and the proposed second amended complaint which was annexed to the plaintiff's motion papers is deemed served.

On or about February 2, 2004 the defendant Dr. Joseph Fishkin performed cataract surgery on the plaintiff Juan Rivera. Rivera and his wife later commenced this action against Dr. Fishkin to recover damages for medical malpractice, lack of informed consent, and loss of consortium. Thereafter, believing that Dr. Fishkin was employed by New York Eye Care (hereinafter NYEC), the plaintiffs sought and obtained leave to serve an amended complaint naming NYEC as an additional defendant. In its answer, the defendant NYEC admitted, inter alia, that Dr. Fishkin was its employee. However, when a witness for NYEC was later deposed on August 30, 2006—after the applicable statute of limitations had run—the plaintiffs learned that NYEC was nothing more than the business name of Sheldon Rabin, M.D., P.C. The plaintiffs then sought leave to serve a second amended complaint naming Sheldon Rabin, M.D., P.C., as an additional defendant. The Supreme Court denied the motion. We reverse.

"The relation-back doctrine 'enables a plaintiff to correct a pleading error by adding either a new claim or a new party after the statutory limitations period has expired' " (*Monir v Khandakar,* 30 AD3d 487, 488 [2006], quoting *Buran v Coupal,* 87 NY2d 173, 177 [1995]). "The burden is on the plaintiff to establish the applicability of the doctrine once a defendant has demonstrated that the Statute of Limitations has expired" (*Spaulding v Mt. Vernon Hosp.,* 283 AD2d 634, 635 [2001]).

Here, in order for the plaintiffs to establish that their putative claim against Sheldon Rabin, M.D., P.C., related back to their claim against Dr. Fishkin and NYEC, they were required to demonstrate that: (1) both claims arose out of same conduct, transaction, or occurrence, (2) Sheldon Rabin, M.D., P.C., is united in interest with Dr. Fishkin and/or NYEC, and by reason of that relationship can be charged with notice of the institution of the action such that it will not be prejudiced in maintaining its defense on the merits, and (3) Sheldon Rabin, M.D., P.C., knew or should have known that, but for a mistake by the plaintiffs as to the identity of the proper parties, the action would have been brought against it as well (*see Buran v Coupal,* 87 NY2d at 178; *Porter v Annabi,* 38 AD3d 869 [2007]).

Contrary to the defendants' contention, the plaintiffs in this case successfully demonstrated the applicability of the relation-back doctrine (*see Monir v Khandakar,* 30 AD3d at 489-490). Accordingly, the Supreme Court improvidently denied the plaintiffs' motion for leave to serve a second amended complaint naming Sheldon Rabin, M.D., P.C., as an additional defendant. Mastro, J.P., Fisher, Dillon and McCarthy, JJ., concur.