■ DIANA STAMATOPOULOS et al., Appellants, v VINCENT A. SALZILLO et al., Defendants, and EMANUEL P. CONSTANTATOS, Respondent. [855 NYS2d 242]—

In an action, inter alia, to recover damages for wrongful death, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Baisley, J.), dated January 12, 2007, as granted that branch of the motion of the defendants Emanuel P. Constantatos, Harry Constantatos, Apollo Diner Corp., and 5327, Inc., which was for summary judgment dismissing the complaint insofar as asserted against Emanuel P. Constantatos.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court did not err in granting summary judgment dismissing the complaint insofar as asserted against the defendant Emanuel P. Constantatos (hereinafter the defendant) as time-barred (*see Mongardi v BJ's Wholesale Club, Inc.*, 45 AD3d 1149, 1151 [2007]; EPTL 5-4.1). In opposition to that defendant's prima facie showing of entitlement to judgment as a matter of law, the plaintiffs failed to demonstrate that the statute of limitations was tolled by the relation-back doctrine. The application of the relation-back doctrine was not warranted because there was no showing of a "mistake" concerning the defendant's identity, which would have precluded the plaintiffs from bringing an action against him before the statute of limitations expired (*see* CPLR 203 [c]; *Buran v Coupal*, 87 NY2d 173, 178 [1995]; *Contos v Mahoney*, 36 AD3d 646, 647-648 [2007]; *Snolis v Biondo*, 21 AD3d 546, 547 [2005]; *Bereck, P.C. v*

*Hamza,* 299 AD2d 516 [2002]; *Ramos v Cilluffo,* 276 AD2d 475, 476 [2000]; *Leylegian v Federal Paper Bd. Co.,* 251 AD2d 60, 61 [1998]). Rivera, J.P., Spolzino, Dillon and Balkin, JJ., concur.