■ BRADLEY E. THOMSEN, Appellant, et al., Plaintiff, v SUFFOLK COUNTY POLICE DEPARTMENT et al., Respondents. [857 NYS2d 180]—

In an action, inter alia, to recover damages for assault, negligence, and deprivation of civil rights pursuant to 42 USC § 1983, etc., the plaintiff Bradley E. Thomsen appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Berler, J.), dated November 14, 2006, as, upon deeming the defendants' pretrial memorandum of law to be a motion to dismiss the complaint for failure to join a necessary party, granted that branch of the motion which was to dismiss the complaint insofar as asserted by him and denied his cross motion for leave to amend the complaint to add the County of Suffolk as a defendant.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the defendants' motion which was to dismiss the complaint insofar as asserted by the plaintiff Bradley E. Thomsen is denied, and the cross motion of the plaintiff Bradley E. Thomsen for leave to amend the complaint to add the County of Suffolk as a defendant is granted.

On January 11, 1996 the plaintiff Bradley E. Thomsen was arrested by Suffolk County police officers for allegedly burglarizing his sister's house and committing an assault there. After serving a notice of claim upon the Suffolk County Attorney and the defendants Suffolk County Police Department and the Suffolk County Sheriff's Department (hereinafter the defendants), the plaintiff and his wife, the plaintiff Donna Thomsen, suing derivatively, commenced this action against the defendants on April 8, 1997, alleging, inter alia, that Bradley was deprived of necessary prescription heart and blood pressure medication while incarcerated, requiring him to undergo heart treatment and a pacemaker surgery. The plaintiffs thus sought damages for assault, negligence, and deprivation of Bradley's civil rights pursuant to 42 USC § 1983.

The Suffolk County Attorney served an answer on the defendants' behalf, accompanied by myriad demands for discovery and depositions, thereafter conducted a hearing pursuant General Municipal Law § 50-h, and engaged in years of

discovery and depositions. By preliminary conference order dated January 11, 2000, the parties agreed that "any dispositive motions (CPLR 3211 and 3212) shall be made on or before July 11, 2000." Thereafter, in 2003, the Supreme Court granted the plaintiffs' motion to compel the defendants' compliance with certain disclosure demands.

After a note of issue was filed, vacated, and then reinstated in 2005, the parties proceeded to trial and jury selection on two separate occasions. On September 6, 2006 the Supreme Court discharged the second impaneled jury before opening statements, after deeming a trial memorandum of law submitted by the defendants to be a motion pursuant to CPLR 3211 (a) (10) to dismiss the complaint, inter alia, for failure to join the County of Suffolk as a necessary party. The plaintiffs opposed the motion, and cross-moved for leave to amend the complaint to add the County as a defendant. The Supreme Court granted the motion to dismiss, and denied the cross motion. We reverse.

The Supreme Court erred in granting the defendants' belated motion to dismiss the complaint on the eve of trial. Despite the clear directions of the preliminary conference order, which required "all dispositive motions" to be made by July 11, 2000, the defendants disregarded that directive. Rather, the defendants unreasonably delayed, for almost six years after the entry of that order, the submission of their motion to dismiss the complaint, despite the fact that the parties had by then conducted discovery for 10 years and had already selected a second jury to try the matter. The Court of Appeals has made clear, albeit in slightly a different context, that "statutory time frames—like court-ordered time frames . . . —are not options, they are requirements, to be taken seriously by the parties" (*Miceli v State Farm Mut. Auto. Ins. Co.*, 3 NY3d 725, 726 [2004]). The Supreme Court should not have countenanced such lengthy and unexplained delay without leave of court to extend the deadline "upon such terms as may be just and upon good cause shown" (CPLR 2004).

Moreover, the Supreme Court improvidently exercised its discretion in denying the plaintiffs' cross motion to add the County as a defendant. In general, "[i]n the absence of prejudice or surprise to the opposing party, leave to amend a pleading should be freely granted unless the proposed amendment is palpably insufficient or patently devoid of merit" (*Trataros Constr., Inc. v New York City School Constr. Auth.*, 46 AD3d 874, 874 [2007] [internal quotation marks omitted]; *see* CPLR 3025 [b]; *McCaskey, Davies & Assoc. v New York City Health & Hosps. Corp.*, 59 NY2d 755, 757 [1983]; *G.K. Alan Assoc., Inc. v Laz-*

*zari,* 44 AD3d 95, 99 [2007]). Where, however, "an application for leave to amend is sought after a long delay and the case has been certified as ready for trial, 'judicial discretion in allowing such amendments should be discrete, circumspect, prudent and cautious' " (*Countrywide Funding Corp. v Reynolds,* 41 AD3d 524, 525 [2007], quoting *Clarkin v Staten Is. Univ. Hosp.,* 242 AD2d 552 [1997]). The court's exercise of discretion in determining such an application will not lightly be disturbed (*see Edenwald Contr. Co. v City of New York,* 60 NY2d 957, 959 [1983]; *Sewkarran v DeBellis,* 11 AD3d 445, 445-446 [2004]; *Branch v Abraham & Strauss Dept. Store,* 220 AD2d 474, 475 [1995]).

Contrary to the Supreme Court's determination, however, the plaintiffs' failure to name individual police officers or Sheriff's Department employees in the proposed amended complaint did not render it totally devoid of merit or palpably insufficient as a matter of law (*see Rock v County of Suffolk,* 212 AD2d 587 [1995]). Nor does the expiration of the applicable statute of limitations bar the proposed amendment, as urged by the defendants. Under the "relation back" doctrine, a plaintiff may be permitted to correct a pleading error by adding a new party "united in interest" with the previously-named defendants where, as here, the statute of limitations has expired (*Buran v Coupal,* 87 NY2d 173, 177 [1995]; *see* CPLR 203 [b]; *DeLuca v Baybridge at Bayside Condominium I,* 5 AD3d 533, 535 [2004]).

In order for claims against one defendant to relate back to claims asserted against another, the plaintiffs must establish that "(1) both claims arose out of the same conduct, transaction, or occurrence, (2) the new party is united in interest with the original defendant, and by reason of that relationship can be charged with notice of the institution of the action such that the new party will not be prejudiced in maintaining its defense on the merits, and (3) the new party knew or should have known that, but for a mistake by the plaintiffs as to the identity of the proper parties, the action would have been brought against that party as well" (*Porter v Annabi,* 38 AD3d 869, 870 [2007]; *see Buran v Coupal,* 87 NY2d at 178; *Rivera v Fishkin,* 48 AD3d 663 [2008]).

Here, the plaintiffs' claims against the County "arose out of the same conduct, transaction, or occurrence" during his incarceration, and the County is united in interest with the original defendants, such that it can be charged with notice of the action commenced 10 years ago. Moreover, no prejudice can be asserted by the County, whose County Attorney has vigorously defended this action from its inception (*see Matter of Great*

*E. Mall v Condon,* 36 NY2d 544, 548-549 [1975]). The plaintiffs further demonstrated that their initial failure to name the County as a defendant was a mistake, rather than an intentional decision not to assert the claim in order to gain a tactical advantage (*see Buran v Coupal,* 87 NY2d at 181; *Losner v Cashline, L.P.,* 303 AD2d 647, 649 [2003]; *cf. Contos v Mahoney,* 36 AD3d 646 [2007]; *Snolis v Biondo,* 21 AD3d 546, 546-547 [2005]). Accordingly, the defendants' motion to dismiss the complaint should have been denied, and the plaintiffs' cross motion for leave to amend the complaint to add the County as a defendant should have been granted. Fisher, J.P., Angiolillo, Balkin and Leventhal, JJ., concur.