■ AVRAHAM HIRSH, Respondent, v CARTEL PERLMUTTER, Appellant. [863 NYS2d 44]—

In an action to recover damages for personal injuries, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Orange County (Owen, J.) dated August 9, 2007, as denied his motion to dismiss the complaint as time-barred pursuant to CPLR 3211 (a) (5).

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the defendant's motion to dismiss the complaint as time-barred is granted.

The plaintiff's cause of action accrued on November 22, 2003, when he allegedly fell while walking on property located in the Village of Kiryas Joel. In his original complaint, the plaintiff al-

leged that the property was owned by Saul Perlmutter; in his amended complaint, the plaintiff alleged instead that the property was owned by Cartel Perlmutter.

The original summons and complaint, in which Saul Perlmutter was named as the only defendant, apparently were filed at some point shortly before the expiration of the three-year limitations period applicable to this action (*see* CPLR 214 [5]). Saul Perlmutter allegedly was served on March 6, 2007, several months after the limitations period had expired.

An "amended summons" and "amended complaint," in which Cartel Perlmutter, rather than Saul Perlmutter, was named as the sole defendant, was filed on April 18, 2007. The amended complaint is a mirror image of the original complaint, except that Cartel Perlmutter, rather than Saul Perlmutter, is identified as the owner of the property.

On June 29, 2007, Cartel Perlmutter moved to dismiss the action based on allegations that "the purported service of the Amended Summons and Amended Complaint upon Cartel Perlmutter [was] untimely." Defense counsel also asserted, "[t]here can be no reliance on CPLR Section 203 (f) . . . as the original pleading named a totally different defendant as that set forth in the amended pleading."

The Supreme Court agreed with the only argument raised by the plaintiff in opposition to the motion, and found that the amended summons and complaint naming Cartel Perlmutter as sole defendant had been filed on April 18, 2007, and that this act occurred before the expiration of the time in which the original defendant, Saul Perlmutter, was required to answer the original complaint (*see* CPLR 308 [2]; 320 [a]). The Supreme Court also found that the amendment of the complaint was thus carried out within the time frame set forth in CPLR 3025 (a). From this premise, the Supreme Court also concluded that the action was timely insofar as it was asserted against Cartel Perlmutter. We reverse the order insofar as appealed from.

That a new defendant might have been added to a pending action by virtue of an amendment that was properly carried out without leave of court (*see* CPLR 3025 [a]; 1003) does not automatically negate the validity of any statute of limitations defense the new defendant might have. A plaintiff who has timely interposed a claim against one defendant may yet be barred by the statute of limitations from adding a completely new defendant to the action by virtue of an amendment carried out as a matter of right (*see* CPLR 3025 [a]; 1003). "The time period in CPLR 1003 within which joinder may be accomplished without leave of the court has no effect on any statute of limita-

tions defense available to a party joined pursuant to that section (*cf., Hilliard v Roc-Newark Assoc.,* 287 AD2d 691, 692 [2001])" (*Matter of Save the Woods & Wetlands Assn. v Village of New Paltz Planning Bd.,* 296 AD2d 679, 680 [2002]).

Once Cartel Perlmutter showed that the pleading in which he was first joined as a defendant had been neither filed nor served before the expiration of the applicable period of limitations, the burden shifted to the plaintiff to prove that the "relation-back" doctrine applied (*see* CPLR 203 [f]; *Rivera v Fishkin,* 48 AD3d 663 [2008]; *Raymond v Melohn Props., Inc.,* 47 AD3d 504 [2008]; *Cardamone v Ricotta,* 47 AD3d 659 [2008]; *cf. Porter v Annabi,* 38 AD3d 869 [2007]). The plaintiff failed to meet that burden.

Accordingly, the motion to dismiss the amended complaint should have been granted on the ground that the action, insofar as it is asserted against Cartel Perlmutter, is barred by the statute of limitations (*see* CPLR 3211 [a] [5]). Lifson, J.P., Florio, Carni and Belen, JJ., concur.