■ ANDREA BRYANT, Respondent, v SOUTH NASSAU COMMUNITIES HOSPITAL et al., Defendants, and REGINA HAMMOCK et al., Appellants. [874 NYS2d 519]—

In an action to recover damages for medical malpractice, the defendants Regina Hammock, Linda Doyle, and Island Medical Physicians, P.C., appeal, as limited by their brief, from so much

of an order of the Supreme Court, Nassau County (Phelan, J.), dated January 11, 2008, as granted that branch of the plaintiff's motion which was for leave to serve a "supplemental" summons and complaint upon them nunc pro tunc, and denied their cross motion to dismiss the action insofar as asserted against them as time-barred.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is denied, and the cross motion is granted.

Before the expiration of the 2½-year statute of limitations for a medical malpractice action, the plaintiff moved for leave to amend her summons and complaint to add the appellants as defendants in her action alleging the failure of the defendants to diagnose the onset of a stroke. The appellants were among the staff of the emergency room of the defendant South Nassau Communities Hospital (hereinafter SNCH) when the plaintiff sought admission the day before she suffered a stroke. The nurse practitioner and physician who saw the plaintiff in the emergency room were employees of Island Medical Physicians, P.C., which had a contract with SNCH to provide emergency room staffing and services.

The Supreme Court granted the plaintiff's motion in an order dated October 7, 2005 which, inter alia, directed the plaintiff to "serve the amended summons and complaint with dispatch."

Although the plaintiff served the order with notice of entry upon the appellants, she failed to serve the amended summons and complaint. She did not attempt to serve the appellants during the two years following the Supreme Court's order despite the fact that the appellants did not answer or appear for approximately 20 court appearances scheduled in this matter during that time.

On November 6, 2007 the plaintiff moved for leave to serve a "supplemental" summons and amended complaint nunc pro tunc pursuant to the relation-back doctrine of CPLR 203 (c), alleging that the appellants would not be prejudiced by being added as parties at that time as they were familiar with the facts of the lawsuit.

The failure to serve the appellants as directed by the Supreme Court in October 2005 was not a "mistake" concerning the defendants' identity which would have prevented the plaintiff from bringing an action against them before the statute of limitations expired. The plaintiff thus failed to meet the third prong of the relation-back doctrine, that but for an excusable mistake by the plaintiff in originally failing to identify all the proper parties, the action would have been brought against the ad-

ditional party united in interest as well (*see Mondello v New York Blood Ctr.—Greater N.Y. Blood Program,* 80 NY2d 219 [1992]; *Stamatopoulos v Salzillo,* 50 AD3d 885 [2008]; *Porter v Annabi,* 38 AD3d 869 [2007]). Although the appellants were aware of the existence of the lawsuit and that the plaintiff had, two years earlier, sought to join them as party defendants, they reasonably could have concluded that the plaintiff decided that no meritorious claim could be brought against them (*see Cardamone v Ricotta,* 47 AD3d 659 [2008]; *Nani v Gould,* 39 AD3d 508 [2007]).

Accordingly, the Supreme Court erred in granting the plaintiff's motion and denying the appellants' cross motion to dismiss the action insofar as asserted against them as time-barred. Fisher, J.P., Dillon, Belen and Chambers, JJ., concur.