[908 NYS2d 547]

Cecilia Teodorescu, Plaintiff, v Resnick & Binder, P.C., Defendant.

Supreme Court, Kings County, September 28, 2010

APPEARANCES OF COUNSEL

*Jonah Grossman*, Jamaica, for plaintiff. *John J. Kelleher*, Albany, for defendant.

## OPINION OF THE COURT

DONALD SCOTT KURTZ, J.

Plaintiff moves to vacate the stay of this action and to amend the summons and complaint, pursuant to CPLR 203 (c), to individually name the partners who formerly constituted the defendant professional corporation.

Plaintiff commenced this legal malpractice action against the defendant law firm by the filing of a summons and complaint on August 29, 2005. Plaintiff claims that on January 19, 2004, plaintiff sustained a fractured wrist as a result of a slip and fall on ice located on a public sidewalk. Plaintiff alleges that defendant failed, in the underlying action, to timely serve a notice of claim upon the New York City Housing Authority and that as a result, that action was dismissed. Defendant moved for summary judgment in this action and on June 1, 2007, Justice Dabiri denied that motion. An appeal ensued and by order dated October 14, 2008, the Appellate Division, Second Department, reversed the denial of summary judgment (55 AD3d 721 [2008]). Plaintiff further appealed to the Court of Appeals and by order dated March 25, 2010, the Appellate Division's decision was reversed and plaintiff's action was reinstated and remanded to this court for trial (14 NY3d 776 [2010]).

On January 8, 2008, during the pendency of the appeal, this action was marked stayed. During the approximately two years this action was stayed, the attorneys who formed the defendant professional corporation, David Joseph Resnick and Serge Yakov Binder (hereinafter Resnick and Binder), were both disbarred. Plaintiff now moves to have the stay vacated and this action placed on the trial calendar and for leave to amend the summons and complaint to add Resnick and Binder as individual defendants pursuant to CPLR 203 (c), since the statute of limitations as to these defendants has already expired.

The relation-back doctrine "enables a plaintiff to correct a pleading error by adding either a new claim or a new party after the statutory limitations period has expired" (*Monir v Khandakar*, 30 AD3d 487, 488 [2d Dept 2006], quoting *Buran v Coupal*, 87 NY2d 173, 177 [1995]). "The burden is on the plaintiff to establish the applicability of the doctrine once a de-

fendant has demonstrated that the Statute of Limitations has expired." (*Spaulding v Mt. Vernon Hosp.*, 283 AD2d 634, 635 [2d Dept 2001] [citation omitted].) There are three prongs that must be satisfied in order for claims against one defendant to relate back to claims asserted against another. They are:

"(1) both claims arose out of [the] same conduct, transaction or occurrence, (2) the new party is 'united in interest' with the original defendant, and by reason of that relationship can be charged with such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits and (3) the new party knew or should have known that, but for an excusable mistake by plaintiff as to the identity of the proper parties, the action would have been brought against him as well." (*Buran v Coupal*, 87 NY2d at 178, quoting *Brock v Bua*, 83 AD2d 61, 69 [2d Dept 1981]; *see Moller v Taliuaga*, 255 AD2d 563 [2d Dept 1998].)

The Court of Appeals in *Buran*, however, has decided that with respect to the third prong cited above, excusability of the mistake is not an absolute requirement under New York law. (*Buran v Coupal*, 87 NY2d at 179.)

A plaintiff seeking the benefit of the relation-back doctrine must establish the existence of a mistake concerning the defendant's identity that prevented plaintiff from serving that defendant before the statute of limitations expired. (*See Bryant v South Nassau Communities Hosp.*, 59 AD3d 655, 656 [2d Dept 2009].) Evaluation of an alleged mistake then turns on whether the mistake interfered with plaintiff's ability to name all of the proper defendants prior to expiration of the limitations period. (*Compare Monir v Khandakar*, 30 AD3d at 489 [finding plaintiff's failure to add a professional corporation to her medical malpractice claims against the defendant dentist to be a mistake based upon her lack of knowledge as to the corporation's existence], *with Contos v Mahoney*, 36 AD3d 646, 647 [2d Dept 2007] [declining to apply the relation-back doctrine where plaintiff failed to sue the defendant lessor in a timely manner, despite receiving a copy of a lease termination statement identifying Nissan as the lessor prior to the expiration of the limitations period].) Under these guidelines, when a plaintiff is aware of the defendants' potential liability and deliberately decides not to assert a claim against them, there is no mistake and thus no relation-back. (*See Buran v Coupal*, 87 NY2d at 181.) Under such circumstances, a "plaintiff should not be given

a second opportunity to assert that claim after the limitations period has expired." (*Id.* [citation omitted].)

Ultimately, the relation-back doctrine as a whole hinges on the sufficiency of notice to the new defendant within the statutory limitations period and thus functions, inter alia, to determine whether the new defendant could reasonably have concluded that "the failure to sue within the limitations period meant that there was no intent to sue that person at all and that the matter has been laid to rest as far as he is concerned." (*Buran v Coupal*, 87 NY2d at 181, quoting *Brock v Bua*, 83 AD2d at 70.) For this reason, failure by plaintiff to include a defendant whose identity and involvement are known at the outset of litigation precludes him or her from doing so once such action is time-barred.

In support of her motion, plaintiff argues that only the first two prongs of the *Brock* test are necessary for this court to apply the relation-back doctrine. Plaintiff argues that the claims arose out of the same purported malpractice and that because of the unity in interest between the named defendant and the proposed defendants, both Binder and Resnick were aware of this action and will not be prejudiced by their late addition as defendants in this action. At oral argument, plaintiff argued that absent proof that plaintiff was attempting to gain a tactical advantage by omitting the proposed defendants, she need not prove the third prong. Moreover, even if the third prong needs to be proved, plaintiff argues that the mistake as to the identity of the parties need not be excusable and, therefore, the third prong is satisfied, entitling her to the benefit of the relation-back doctrine.

In opposition to the motion, the proposed defendants argue that all three prongs must be satisfied to apply the relation-back doctrine and that plaintiff failed to prove both the second and third prong. The proposed defendants argue that they are not united in interest with the defendant. Moreover, they maintain that the third prong has not been satisfied because there is no indication that the plaintiff was mistaken as to the identity of the proposed defendants.

The court concludes that in order for plaintiff to receive the benefit of the relation-back doctrine, all three prongs enunciated in *Brock*, as modified by the Court of Appeals in *Buran*, must be satisfied. The court further concludes that the first and second prongs have been satisfied. There is no dispute that the first prong was satisfied because the claims arose out of the

same alleged malpractice. Under the second prong, Resnick and Binder argue that they are not united in interest with the defendant because as shareholders of the defendant, they did not supervise any of defendant's employees and should not be held liable for the acts of their coemployees. The court disagrees. Alexander Meladaze, an employee of defendant and one of the attorneys who worked on plaintiff's case, was under the direct supervision of the proposed defendants. Both Resnick and Binder conducted meetings with plaintiff; oversaw the meetings between Meladaze and plaintiff; directed the course of legal actions to be taken; advised Meladaze on the alleged failure to timely serve a notice of claim; and ultimately decided against appealing the order which granted summary judgment and dismissed plaintiff's claims. Meladaze referred to the proposed defendants as his "mentors," "bosses," "superiors," and "supervisors" and went to them for approval of any and all legal actions taken in plaintiff's personal injury action. For these reasons, the court rejects the proposed defendants' contention that no such unity of interest existed and finds that the second prong of the *Brock* test has been satisfied.

The court finds that plaintiff has failed, however, to satisfy the third prong under the *Brock* test because plaintiff knew of the proposed defendants' potential liability at the time she filed a legal malpractice action against defendant. Numerous meetings between plaintiff and the proposed defendants demonstrate her awareness of the extent to which both men were involved in the handling of her personal injury action. In fact, it was Binder who presided over plaintiff's initial meetings, conducted interviews with the plaintiff, discussed the contingency fee agreement, and signed the retainer agreement on behalf of the defendant. Following the court order dismissing plaintiff's personal injury claim, Meladaze explained to her that the ultimate decision against proceeding with an appeal rested not with him, but with his bosses, Resnick and Binder. These interactions between plaintiff and the proposed defendants support the reasonable conclusion that she knew of their significant involvement in her case, as well as their potential liability for legal malpractice. Moreover, plaintiff's decision not to sue Resnick and Binder did not rest on any confusion or lack of knowledge regarding the identity of either party and it is not the kind of mistake contemplated by the *Brock* court. Assuming, arguendo, that plaintiff was unaware of Resnick's and Binder's potential liability, that would still fall short of a mistake

concerning the identity of the defendants which would preclude her from naming the correct parties prior to the expiration of the limitations period. It was not until after reading a news article stating that Resnick & Binder, P.C. "became defunct" that plaintiff set out to find another defendant who "could be a source to satisfy the liability to be assessed against the professional corporation." As such, the omission is to be viewed as deliberate and cannot be classified as a mistake for purposes of satisfying the third prong.

Finally, since the relation-back doctrine as a whole hinges on the sufficiency of notice to the proposed new defendants within the statutory limitations period, the correct inquiry is not whether Resnick and Binder were aware of the charges brought by plaintiff against defendant, but whether such knowledge could reasonably have led them to the conclusion that they were intentionally omitted as parties to the action and were, thus, no longer at risk of litigation. As principals of the defendant corporation, it is safe to assume that both Resnick and Binder were aware of the charges pending against defendant. Moreover, since plaintiff could identify both Resnick and Binder as possible defendants, the proposed defendants could reasonably construe their exclusion from the action to be a deliberate and final decision not to include them as defendants. Consequently, plaintiff's motion to amend the summons and complaint is denied. All stays have already been lifted.