| **Gouleguine v Gouleguina** |
|:---:|
| 2024 NY Slip Op 31366(U) |
| April 19, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 158092/2021 |
| Judge: Paul A. Goetz |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     HON. PAUL A. GOETZ                          PART                    47

*Justice*

-------------------------------------------------------------------------X

MARK GOULEGUINE,                                        INDEX NO.          158092/2021

Plaintiff,                    MOTION DATE        02/02/2024

MOTION SEQ. NO.        007

- v -

MARIA GOULEGUINA MKRTYCHEVA, SDK HEIBERGER
LLP                                                       **DECISION + ORDER ON
MOTION**

Defendant.

-------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 007) 133, 134, 135, 136, 137, 138, 139, 141, 142, 143, 144, 145, 146, 147, 148

were read on this motion to/for               AMEND CAPTION/PLEADINGS               .

Upon the foregoing documents, it is

Plaintiff, Mark Gouleguine moves to amend his complaint to add three causes of action

for conversion, breach of fiduciary duty, and for an accounting. Defendant opposes arguing that

the motion is procedurally defective, that the causes of action seek identical relief as other of

plaintiff's causes of action; and that the causes of action are without merit.

## DISCUSSION

"In general, [i]n the absence of prejudice or surprise to the opposing party, leave to

amend a pleading should be freely granted unless the proposed amendment is palpably

insufficient or patently devoid of merit" (*Thomsen v Suffolk County Police Dept.*, 50 AD3d 1015,

1017 [2d Dept 2008] [internal quotation marks removed]). "A request to amend a pleading,

regardless of the statutory imperative that it be freely granted … requires an examination of the

underlying merit to determine if there is evidentiary proof that could be considered on a motion

**158092/2021   GOULEGUINE, MARK vs. GOULEGUINA MKRTYCHEVA, MARIA ET AL**
**Motion No.  007**

**Page 1 of 5**

for summary judgment" (*Am. Theatre for Performing Arts, Inc. v Consol. Credit Corp.*, 45 AD3d 506 [1st Dept 2007]).

First, as a preliminary matter defendant argues that plaintiff's motion must be denied because he did not supply a redlined proposed amended complaint along with the motion. "Any motion to amend or supplement pleadings shall be accompanied by the proposed amended or supplemental pleading clearly showing the changes or additions to be made to the pleading" (CPLR § 3025). However, when the changes are "properly highlighted … in the counsel's affirmation and moving brief … [this] technical defect [can be] overlooked" (*Berkeley Research Group, LLC v FTI Consulting, Inc.*, 157 AD3d 486, 490 [1st Dept 2018]). Here, plaintiff attached both the original and amended complaint and his attorney's affirmation is clear as to what amendments are sought so the motion will not be denied on these grounds. However, the substantive merit of the three additional causes of action needs to be examined.

*Conversion Claim*

Plaintiff seeks to add a cause of action for conversion, alleging that after selling the apartment unit that plaintiff and defendant co-owned, defendant instructed the escrow agent, SDK Heiberger LLP, not to disburse any funds to plaintiff until certain alleged claims of defendants' were fully satisfied from plaintiff's portions of the proceeds.

The "elements of conversion are (1) plaintiff's possessory right or interest in the property and (2) defendant's dominion over the property or interference with it, in derogation of plaintiff's rights" (*Colavito v New York Organ Donor Network, Inc.*, 8 NY3d 43, 50 [2006]). However, it is settled under New York law that a tort claim cannot arise "where plaintiff is essentially seeking enforcement of the bargain, [and instead] the action should proceed under a contract theory" (*Sommer v Fed. Signal Corp.*, 79 NY2d 540, 552 [1992]; see also *Advanced Oxygen Therapy*

**158092/2021   GOULEGUINE, MARK vs. GOULEGUINA MKRTYCHEVA, MARIA ET AL**
**Motion No.  007**

Page 2 of 5

2 of 5

*Inc. v Orthoserve Inc.*, 572 F Supp 3d 26, 38 [SDNY 2021] ["a claim for conversion cannot be sustained where the underlying facts are not sufficiently distinguishable from a breach of contract claim"]).

Here, plaintiff already has two causes of action seeking a declaratory judgment that he is entitled to the full amount of his portion of the proceeds from the sale. While plaintiff argues that these causes of action are not breach of contract claims, he is still seeking an enforcement of the alleged agreement he had with defendant that they would evenly split the proceeds of the sale. As such, the proposed conversion cause of action is insufficient as a matter of law and leave to add this cause of action will be denied.

## Breach of Fiduciary Duty

"To establish a prima facie case for breach of fiduciary duty, a plaintiff must allege "(1) the existence of a fiduciary relationship, (2) misconduct by the defendant, and (3) damages directly caused by the defendant's misconduct' (*Vil. of Kiryas Joel v County of Orange*, 144 AD3d 895, 898 [2d Dept 2016]). Here, plaintiff alleges that defendant breached a fiduciary duty to him by demanding that the escrow agent not release the proceeds of the sale of the apartment to him.

However, as with the conversion claim, when a cause of action for a breach of fiduciary duty is "premised upon the same facts and seek identical damages" as a breach of contract claim the breach of fiduciary duty claim should be dismissed (*Chowaiki & Co. Fine Art Ltd. v Lacher*, 115 AD3d 600 [1st Dept 2014]). As with the conversion claim, while plaintiff does not assert a breach of contract claim against defendant in this action, he is seeking a declaratory judgment to enforce an agreement to divide the sale proceeds evenly. Therefore, this cause of action is duplicative and leave to add this cause of action will be denied.

_Accounting_

"An equitable accounting involves a remedy designed to require a person in possession of financial records to produce them, demonstrate how money was expended and return pilfered funds in his or her possession" (_Metro. Bank & Tr. Co. v Lopez_, 189 AD3d 443, 446 [1st Dept 2020]). "The elements include a fiduciary or confidential relationship, money entrusted to the defendant imposing the burden of an accounting, the absence of a legal remedy, and in some cases a demand and refusal" (_id._).

Here, plaintiff alleges in the amended complaint that on June 18, 2021 plaintiff "made a demand upon Defendant to request an accounting with respect to her claims for the sum she was allegedly owed for the carrying costs and the sums she collected from renting the apartment to third parties during the time she exclusively occupied the apartment" (NYSCEF Doc No 137). While, defendant argues that the accounting cause of action is barred by the six year statute of limitations since plaintiff seeks records as far back as 2009, "[c]laims for an accounting accrue when there is either an open repudiation of the fiduciary's obligation or a judicial settlement of the fiduciary's account" (_Campbell v Bank of Am., N.A._, 155 AD3d 820, 822 [2d Dept 2017]). Therefore, the statute of limitations began to run on June 18, 2021 when plaintiff alleges that the defendant refused to provide him with an accounting with respect to rents collected and sums expended in managing the apartment.

Consequently, the accounting cause of action is not "palpably insufficient or patently devoid of merit" nor is it barred by the statute of limitations and leave to add this cause of action will be granted (_Thomsen_, 50 AD3d 1017).

Accordingly, it is:

**158092/2021   GOULEGUINE, MARK vs. GOULEGUINA MKRTYCHEVA, MARIA ET AL**
**Motion No.  007**

**Page 4 of 5**

[* 4]

4 of 5

ORDERED that the plaintiff's motion to amend his complaint is granted, to the extent that the fifth cause of action (for an Accounting) as set forth in the proposed amended complaint in the form annexed to the moving papers is permitted to be added, and is otherwise denied; and it is further

ORDERED that, within 20 days from entry of this order, plaintiff shall serve a copy of this order with notice of entry and the amended complaint in conformity herewith; and it is further

ORDERED that the defendant shall answer the amended complaint or otherwise respond thereto within 20 days from the date of said service.

20240419123818PG0ETZ1B563C3692815416090550F15288A5491

__4/19/2024__
DATE

__PAUL A. GOETZ, J.S.C.__

CHECK ONE:

- [ ] CASE DISPOSED
- [X] NON-FINAL DISPOSITION
- [ ] GRANTED
- [ ] DENIED
- [X] GRANTED IN PART
- [ ] OTHER

APPLICATION:

- [ ] SETTLE ORDER
- [ ] SUBMIT ORDER

CHECK IF APPROPRIATE:

- [ ] INCLUDES TRANSFER/REASSIGN
- [ ] FIDUCIARY APPOINTMENT
- [ ] REFERENCE

**158092/2021   GOULEGUINE, MARK vs. GOULEGUINA MKRTYCHEVA, MARIA ET AL**
**Motion No.  007**

**Page 5 of 5**

5 of 5