■ BELGIAN OVERSEAS SECURITIES CORPORATION, Respondent, v HOWELL KESSLER Co. et al., Defendants, and HAROLD SILVER et al., Appellants. — Judgment, Supreme Court, New York County (Nadel, J.), entered March 12, 1981, in plaintiff's favor in the sum of $30,164, as resettled by order, entered June 23, 1981, reducing said judgment to the sum of $24,458.33, unanimously modified, on the law, with costs and disbursements to plaintiff against defendants Silver and Karel, to the extent of granting judgment over for indemnification in favor of defendant Popik against defendants Silver and Karel and, except as thus modified, affirmed. After a nonjury trial, Trial Term properly found in favor of plaintiff against the general partners of a limited partnership which had executed a $50,000 promissory note payable to plaintiff. It is undisputed that the limited partnership is without assets to satisfy the debt due plaintiff. When partnership assets are insufficient to pay partnership debts, creditors may look to the general partners to satisfy the debts. (Partnership Law, §§ 26, 98, subd [1]; see *Seligman v Friedlander*, 199 NY 373; also *Friedman v Gettner*, 6 AD2d 647, affd 7 NY2d 764; cf. *Helmsley v Cohen*, 56 AD2d 519.) Nor is plaintiff bound by any internal limitation on an individual general partner's power to bind the partnership since it had no knowledge of any such limitation. (See Partnership Law, § 20, subd 1; § 98, subd [1].) We have examined appellants' other contentions and find that they are without merit. Modification of the judgment, as resettled, however, is required since Trial Term, having recognized defendant Popik's right to judgment against codefendants Silver and Karel on his cross claim for indemnification, failed to provide for the same in the judgment. The judgment, as resettled, is modified accordingly. Concur — Sullivan, J. P., Carro, Silverman, Bloom and Asch, JJ.

■ In the Matter of JEANNETTE RAPPOPORT, Appellant, v TEACHERS' RETIREMENT SYSTEM OF CITY OF NEW YORK, by VICTOR CONDELLO, Chairman, Respondent. — Judgment, Supreme Court, New York County (Dontzin, J.), entered February 3, 1981 dismissing a CPLR article 78 petition, is unanimously affirmed, without costs. The medical board's determination that there was insufficient evidence of accident disability was not arbitrary, capricious or without rational basis. It is therefore unnecessary for us to consider whether the board of trustees of the Teachers' Retirement System was acting within its authority in granting petitioner's request for an exception to the two-year limitation for the making of such application prescribed by subdivision c of section B20-42.1 of the Administrative Code of the City of New York. Concur — Kupferman, J. P., Sullivan, Markewich, Silverman and Asch, JJ.