■ Joseph Cialeo, Individually and as a Limited Partner of Lexington-56th Associates, on Behalf of Himself and All Others Similarly Situated, and in the Right of Lexington-56th Associates, Appellant, v George Mehlman et al., Respondents. (And Third-Party Actions.) (Action No. 1.) Joseph Cialeo, Individually and as a Limited Partner of Lexington-56th Associates, on Behalf of Himself and All Others Similarly Situated, and in the Right of Lexington-56th Associates, Appellant, v George Mehlman et al., Respondents. (Action No. 2.) [619 NYS2d 276] —Order, Supreme Court, New York County (Diane Lebedeff, J.), entered December 11, 1992, which granted the motion of defendants George Mehlman, Philip Wolitzer and Lexington-56th Associates to dismiss the second amended verified complaint against them pursuant to CPLR 3211 (a) (7), except to the extent that it sought damages in plaintiff's individual capacity for breach of fiduciary duty, granted the cross motion of defendants 56th Lexington Associates, Herbert Glabman, Charlotte Schneider, as executrix of Walter J. Schneider, Paul Green, Stephen Frank, Matthew P. Berger, Chemical Bank, First American Title Ins. Co. of New York and Mutual Abstract Corp. for summary judgment, granted the motion of the Mastan Co. Inc., for summary judgment, denied plaintiff's cross motions to disqualify the attorney for Philip Wolitzer and to impose prejudgment restraints against the property of defendants Mehlman and Wolitzer pursuant to CPLR 5229, and order, same court and Justice, entered on or about March 1, 1993, which denied plaintiff's motion to renew and granted his motion for reargument only to the extent of modifying the prior order by clarifying that the restriction of the action to plaintiff's individual capacity was pursuant to CPLR 3211 (a) (7), unanimously affirmed, without costs.

In this action brought by a limited partner against the general partners and the assignees of a mortgage which was the limited partnership's only asset, in which plaintiff alleged that the general partners converted the mortgage and breached their fiduciary duties by pledging the mortgage as collateral for non-partnership obligations, the IAS Court properly concluded that, although the nature of the claim was derivative, plaintiff was not suited to represent the other limited partners in the action based upon, *inter alia*, plaintiff's statement that he was not concerned with vindicating the rights of the limited partners and the court's conclusion,

predicated upon several years of litigation before her, that plaintiff was not interested in anything beyond what was due him personally.

Even if there were an issue of fact with respect to the authenticity of the signature of Wolitzer on an unrecorded assignment, any failure to have the requisite two signatures on the document as required by the partnership agreement did not vitiate the subsequent assignments, since there was no reason for the assignees to be on notice of any claimed irregularity and thus no basis for inquiry as to any alleged forgery or backdating. Nor was there reason to apply the six year contractual limitation period (see, e.g., Baratta v Kozlowski, 94 AD2d 454) rather than the shorter period applicable to conversion claims (CPLR 214) in the absence of any allegation of a contractual obligation between plaintiff and the assignees. So, too, based upon the deposition testimony indicating that the title company defendants had not executed the documents at issue, which plaintiff did not attempt to rebut in opposition to the summary judgment motion, there was no fraudulent concealment that would warrant an extension of the accrual of such claims until two years after discovery of the alleged fraud.

We have considered plaintiff's other arguments, including those with respect to the disqualification of counsel and the denial of prejudgment restraints against the general partner defendants, and conclude that they do not warrant a departure from the IAS Court's determination. Concur—Kupferman, J. P., Rubin, Nardelli and Tom, JJ.