■ MARIO RENDE et al., Respondents, v PAUL J. CUTROFELLO, Appellant. [641 NYS2d 689] —In an action to recover damages, *inter alia,* for medical malpractice, the defendant appeals from an order of the Supreme Court, Queens County (O'Donoghue, J.), dated February 23, 1995, which granted the plaintiffs' motion to amend their complaint to add a new cause of action.

Ordered that the order is reversed, with costs, and the plaintiffs' motion to amend their complaint is denied.

This action arose from the medical treatment of the plaintiff Mario Rende by the defendant starting in May 1990, when that plaintiff first consulted with the defendant for urinary tract problems. In June 1990, the defendant performed an initial transurethral resection of the prostate (hereinafter TURP), and a second TURP was conducted in August 1991. Thereafter, in May 1992, the plaintiffs commenced this action alleging, among other things, that the August 1991 TURP was performed "negligently" and "without the patient's knowledge, consent or permission".

The defendant moved for additional authorizations for Mr. Rende's medical records, alleging that further discovery was necessary in this case involving "the prostate and PSA levels and the possibility of cancer". Upon receipt of the defendant's motion, in November 1994 the plaintiffs moved for leave to amend their complaint to add a cause of action based on the

defendant's alleged failure to diagnose cancer in 1990. The defendant opposed plaintiffs' motion contending, among other things, that the new cause of action was time-barred.

The court granted the plaintiffs' motion, finding that the proposed amendment was supported by competent medical evidence and that the defendant was not prejudiced by the delay in amending the complaint. We disagree and reverse.

The CPLR 203 (f) relation-back rule provides that a "claim asserted in an amended pleading is deemed to have been interposed at the time the claims in the original pleading were interposed, unless the original pleading does not give notice of the * * * series of transactions or occurrences, to be proved pursuant to the amended pleading".

Here, in considering the original claims and the proposed amended claim, and the distinctions in the causes of action and the dates of the treatments, we conclude that the original pleading in this case did not provide notice of the series of transactions or occurrences to be proved in a proposed cause of action based on a TURP performed in June 1990. Accordingly, insofar as the proposed cause of action to recover damages for misdiagnosis of prostate cancer during the June 1990 TURP did not relate back to the interposition of the original complaint, the amendment of the complaint was untimely (see, Jolly v Russel, 203 AD2d 527).

In consideration of the foregoing, we do not reach the remaining issues raised by the defendant on this appeal. Mangano, P. J., Balletta, Copertino and Hart, JJ., concur.