■ MARY A. BENTON, Appellant, v DAVID M. KREITZER et al., Respondents. [777 NYS2d 172]—In an action to recover damages for legal malpractice, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Hart, J.), dated January 6, 2003, as denied that branch of her motion which was for leave to amend her complaint to add a third cause of action against all of the defendants.

Ordered that the order is modified, on the law and as a matter of discretion, by deleting the provision thereof denying that branch of the motion which was for leave to amend the complaint to add a third cause of action against all of the defendants, and substituting therefor a provision granting that branch of the motion only to the extent of allowing the plaintiff to add her proposed third cause of action against the defendants David M. Kreitzer, Donald H. Vogelman, and Kreitzer and Vogelman, P.C., and otherwise denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The Supreme Court improvidently exercised its discretion in denying that branch of the plaintiff's motion which was for leave to amend the complaint to add a third cause of action against the defendants David M. Kreitzer, Donald H. Vogelman, and Kreitzer and Vogelman, P.C. (*see Edenwald Contr. Co. v City of New York*, 60 NY2d 957 [1983]; *Ruby Land Dev. v Toussie*, 4 AD3d 518 [2004]).

However, the Supreme Court providently exercised its discretion in denying that branch of the plaintiff's motion which was for leave to amend her complaint to add a third cause of action

against the defendants Daniel M. Pariser, and Pariser & Vogelman, P.C. The proposed amendment with respect to those defendants alleged that they departed from the applicable standard of care in the underlying litigation by failing to amend the complaint therein to assert a particular claim. However, as the plaintiff herself noted, as is relevant to the defendants Daniel M. Pariser, and Pariser & Vogelman, P.C., their ability to amend the complaint depended on the applicability of the relation-back doctrine (see CPLR 203 [f]). Under the circumstances, the relation-back doctrine was inapplicable to those defendants (see Rende v Cutrofello, 226 AD2d 694 [1996]). H. Miller, J.P., Luciano, Schmidt and Townes, JJ., concur.