■ JEFFREY HUGHES et al., Appellants, v BI FENG NIE et al., Defendants, and GENERAL MOTORS ACCEPTANCE CORPORATION,

Respondent. [783 NYS2d 841]—In an action to recover damages for personal injuries, the plaintiffs Brian Booth and Phyllis Booth appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Knipel, J.), dated September 5, 2003, as granted that branch of the motion of the defendant General Motors Acceptance Corporation which was to dismiss the complaint insofar as asserted by them against it as time-barred, and the plaintiffs Jeffrey Hughes and Charles Delgado appeal from the same order.

Ordered that the appeals by the plaintiffs Jeffrey Hughes and Charles Delgado are dismissed as abandoned (see 22 NYCRR 670); and it is further,

Ordered that the order is affirmed insofar as appealed from by the plaintiffs Brian Booth and Phyllis Booth; and it is further,

Ordered that one bill of costs is awarded to the defendant General Motors Acceptance Corporation payable by the plaintiffs Brian Booth and Phyllis Booth.

The Supreme Court properly granted that branch of the motion of the defendant General Motors Acceptance Corporation which was to dismiss the complaint insofar as asserted against it by the plaintiffs Brian Booth and Phyllis Booth (hereinafter the Booths) on the ground that it was time-barred (see CPLR 214 [5]). Under the circumstances of this case, the relation-back doctrine was inapplicable to the claim asserted against that defendant (see CPLR 203 [f]; Brock v Bua, 83 AD2d 61 [1981]; cf. Buran v Coupal, 87 NY2d 173, 178 [1995]).

The Booths' remaining contentions are without merit. Florio, J.P., Krausman, Cozier and Rivera, JJ., concur.