■ WILLIAM BEESMER et al., Appellants, v BESICORP DEVELOPMENT, INC., et al., Respondents. [900 NYS2d 472]—

Stein, J. Appeal from an order of the Supreme Court (Cahill, J.), entered December 11, 2008 in Ulster County, which, among other things, partially granted certain defendants' motions to dismiss the complaint.

Plaintiffs commenced this action in 2008, seeking damages for employment discrimination, fraud, conversion, breach of contract and unjust enrichment. Plaintiffs are former employees of certain of the defendant business entities, which they allege are essentially a single entity, located at the same physical office and sharing the same directors and officers. Plaintiffs allege that they were fraudulently induced into accepting employment, denied certain compensation and stocks and improperly terminated or transferred in April 2002. All defendants except defendants Sunwize Technologies, Inc. and Besicorp Group, Inc.[1] have moved to dismiss the complaint pursuant to CPLR 3211 (a) (1), (5) and (7), asserting that the complaint fails to state a cause of action, that certain claims are barred by the statute of limitations and that a defense is founded on documen-

---

1. There is nothing in the record to indicate that Besicorp Group, Inc. has ever appeared in the action.

tary evidence. Sunwize has separately moved to dismiss the complaint pursuant to CPLR 3211 (a) (1), (7) and (8) on the grounds that the complaint fails to state a cause of action, that it is not a necessary party and that plaintiffs have failed to obtain jurisdiction over it.

After denying plaintiffs' request to withhold decision on defendants' motions pending an opportunity to conduct discovery, Supreme Court, as relevant here, dismissed the tenth through twelfth causes of action (fraud) as untimely, and the seventh through ninth and thirteenth through fifteenth causes of action (seeking injunctive relief) for failure to state a claim. The court also dismissed, as time-barred, the sixteenth through eighteenth causes of action (conversion) to the extent that they arose out of the sale and liquidation of defendant Besicorp, Ltd. in 1999 and 2000, and all claims against defendants Randi Zinn, Frederic Zinn and the Estate of Michael F. Zinn. Finally, the complaint was dismissed in its entirety as against Sunwize. Plaintiffs now appeal.[2]

Initially, we discern no abuse of discretion in Supreme Court's denial of plaintiffs' request to stay a determination of defendants' motions pending discovery. In order to warrant such discretionary relief, the party seeking the stay must demonstrate "some evidentiary basis for its claim that further discovery would yield material evidence and also 'demonstrate how further discovery might reveal material facts in the movant's exclusive knowledge'" (*Rochester Linoleum & Carpet Ctr., Inc. v Cassin*, 61 AD3d 1201, 1202 [2009], quoting *Scofield v Trustees of Union Coll. in Town of Schenectady*, 267 AD2d 651, 652 [1999]). Even a request that displays some evidentiary basis supporting further discovery will be insufficient where the complaint fails to state a cause of action as a matter of law (*see Herzog v Town of Thompson*, 216 AD2d 801, 803-804 [1995]). Here, plaintiffs' attorney made only a general request for further discovery, unsupported by any evidentiary basis. Nor does the affidavit of plaintiff Joyce DePietro supply any information with regard to discovery. Furthermore, as set forth herein, Supreme Court correctly determined that certain causes of action failed to state a claim. Accordingly, Supreme Court properly denied plaintiffs' request to stay determination of the motions to dismiss in order to permit further discovery.

Turning to the merits of the motions to dismiss, we must liberally construe the complaint (*see* CPLR 3026), "accept the

---

**2.** Supreme Court also dismissed the first through sixth causes of action as well as the nineteenth through twenty-fourth causes of action, but plaintiffs have abandoned these claims on appeal.

facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (*Leon v Martinez*, 84 NY2d 83, 87-88 [1994]). In doing so, we conclude that Supreme Court erred in dismissing the seventh, eighth, ninth, thirteenth, fourteenth and fifteenth causes of action as to plaintiff William Beesmer and DePietro and in dismissing certain causes of action against defendant Frederic Zinn; we otherwise agree with Supreme Court's determination.

The seventh, eighth, ninth, thirteenth, fourteenth and fifteenth causes of action seek injunctive relief with regard to stock ownership and a declaratory judgment determining that plaintiffs have an ownership interest in all subsidiaries and successors of Besicorp, Ltd. Contrary to Supreme Court's determination, our reading of the complaint reveals that, for the purposes of defendants' motions, it sufficiently alleges that all of defendant business entities were successors in interest to Besicorp, Ltd. and, thus, states a cause of action as against them. However, inasmuch as there was no allegation in the complaint that plaintiff Joseph Parenteau ever received any stock in Besicorp, Ltd., Supreme Court properly determined that these causes of action failed to state a claim as to him. In addition, while the dismissal of all causes of action against Sunwize was premised on the mistaken impression that the complaint did not adequately allege that Sunwize was a successor in interest to Besicorp, Ltd., dismissal was nonetheless proper. Plaintiffs concede—indeed, the complaint expressly states—that they are not making a claim for damages against Sunwize. Accordingly, Sunwize is not a proper party to this action (*see* CPLR 1001, 1002).

The tenth through twelfth causes of action are based primarily upon allegations that plaintiffs were fraudulently induced by one or more defendants to accept employment. The statute of limitations applicable to such claims is six years (*see* CPLR 213). Since each plaintiff accepted defendants' offers of employment at least seven years before the commencement of this action, Supreme Court correctly determined that such claims are time-barred. To the extent that these claims allege that defendants fraudulently induced plaintiffs to agree to accept restricted stock and deferred compensation and repeatedly forestalled delivery by fraud, we fail to see how the complaint, even generously construed, may be read to include any conduct occurring within the statute of limitations. Thus, these three causes of action were properly dismissed.

Inasmuch as the statute of limitations for a conversion action is three years (*see* CPLR 214 [3]; *Tatko v Sheldon Slate Prods. Co.*, 2 AD3d 1030, 1031 [2003]), the sixteenth, seventeenth and eighteenth causes of action relating to the sale of Besicorp, Ltd. in 1999 and 2000 were also properly dismissed as time-barred. However, to the extent that plaintiffs' conversion claims relate to events other than such sale of Besicorp, Ltd. and were not dismissed by Supreme Court, they also should not have been dismissed as against Frederic Zinn, individually except as they may pertain to him as a beneficiary of defendant Estate of Michael F. Zinn. Upon a liberal reading of the complaint, it is apparent that it alleges claims against Frederic Zinn individually and/or in connection with his position(s) in the various defendant business entities and not just as a beneficiary of the estate.

Plaintiffs' remaining contentions have been considered and are unavailing.

Mercure, J.P., Peters, Rose and McCarthy, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as (1) dismissed the seventh, eighth, ninth, thirteenth, fourteenth and fifteenth causes of action with respect to plaintiffs William Beesmer and Joyce DePietro and (2) dismissed that part of the sixteenth, seventeenth and eighteenth causes of action as stated claims against defendant Frederic Zinn individually; motions denied to said extent; and, as so modified, affirmed.