In an action, inter alia, to recover damages for breach of fiduciary duty, the plaintiff appeals from so much of an order of the Supreme Court, Nassau County (Bucaria, J.), dated February 14, 2011, as denied his motion for summary judgment on his first cause of action in the amended complaint, the defendants Peter Robert Perpignano, Lillian Eisenberg, as personal representative of the estate of Irving Eisenberg, Bernice Eisenberg, as personal representative of the estate of Leonard Eisenberg, Charles Titone, Oceanview Realty Company, Oceanview Associates, Oceanview II Associates, Heyson Gardens Associates, Bridgeview II Company, Bridgeview II Associates, Bridgeview III Associates, Bridgeview III Housing Corp., and Sheila Leipsner cross-appeal from so much of the same order as denied that branch of their motion which was pursuant to CPLR 3211 (a) (5) to dismiss certain causes of action in the amended complaint and certain of the amended cross claims of the defendant Joseph Alizio insofar as asserted against them as barred by the statute of limitations, and the defendant Joseph Alizio separately cross-appeals from so much of the same order as denied his cross motion for summary judgment dismissing the first cause of action in the amended complaint insofar as asserted against him and granted that branch of the motion of the defendants Peter Robert Perpignano, Lillian Eisenberg, as personal representative of the estate of Irving Eisenberg, Bernice Eisenberg, as personal representative of the estate of Leonard Eisenberg, Charles Titone, Oceanview Realty Company, Oceanview Associates, Oceanview II Associates, Heyson Gardens Associates, Bridgeview II Company, Bridgeview II Associates, Bridgeview III Associates, Bridgeview III Housing Corp., and Sheila Leipsner which was pursuant to CPLR 3211 (a) (5) to dismiss certain of his amended cross claims as barred by the statute of limitations.
Ordered that the order is modified, on the law, (1) by deleting *820 the provision thereof denying that branch of the motion of the defendants Peter Robert Perpignano, Lillian Eisenberg, as personal representative of the estate of Irving Eisenberg, Bernice Eisenberg, as personal representative of the estate of Leonard Eisenberg, Charles Titone, Oceanview Realty Company, Oceanview Associates, Oceanview II Associates, Heyson Gardens Associates, Bridgeview II Company, Bridgeview II Associates, Bridgeview III Associates, Bridgeview III Housing Corp., and Sheila Leipsner which was pursuant to CPLR 3211 (a) (5) to dismiss the second cause of action in the amended complaint insofar as asserted against the defendants Peter Robert Perpignano and Lillian Eisenberg, as personal representative of the estate of Irving Eisenberg, as barred by the statute of limitations, and substituting therefor a provision granting that branch of the motion, (2) by deleting the provision thereof denying that branch of the same motion which was pursuant to CPLR 3211 (a) (5) to dismiss the third amended cross claim of the defendant Joseph Alizio asserted against the defendants Peter Robert Perpignano and Lillian Eisenberg, as personal representative of the estate of Irving Eisenberg, insofar as it related to the diversion of partnership funds, as barred by statute of limitations, and substituting therefor a provision granting that branch of the motion, and (3) by deleting the provision thereof granting that branch of the same motion which was pursuant to CPLR 3211 (a) (5) to dismiss the second amended cross claim of the defendant Joseph Alizio asserted against the defendant Peter Robert Perpignano as barred by statute of limitations only to the extent that the second amended cross claim was based upon property owned by Wardell Apartments, Inc., and substituting therefor a provision granting that branch of the motion in its entirety; as so modified, the order is affirmed insofar as appealed from, with one bill of costs payable by the plaintiff and the defendant Joseph Alizio to the defendants Peter Robert Perpignano and Lillian Eisenberg, as personal representative of the estate of Irving Eisenberg.
The plaintiff, Anthony Alizio (hereinafter Anthony), failed to demonstrate his prima facie entitlement to judgment as a matter of law on the first cause of action in the amended complaint, which alleged breach of fiduciary duty (see Robert I. Gluck, M.D., LLC v Kenneth M. Kamler, M.D., LLC, 74 AD3d 1166, 1167 [2010]). Thus, the Supreme Court properly denied Anthony’s motion for summary judgment on the first cause of action in the amended complaint, without regard to the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]). Furthermore, the defendant Joseph Alizio (hereinafter Joseph) failed to meet his prima *821 facie burden of establishing his entitlement to judgment as a matter of law dismissing the first cause of action in the amended complaint insofar as asserted against him (see Robert I. Gluck, M.D., LLC v Kenneth M. Kamler, M.D., LLC, 74 AD3d at 1167). Consequently, the Supreme Court properly denied Joseph’s cross motion for summary judgment dismissing the first cause of action in the amended complaint insofar as asserted against him, without regard to the sufficiency of any opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d at 853). On this record, there is a triable issue of fact as to whether an agreement entered into between Joseph and various other partners in July 2003 violated a fiduciary duty owed to Anthony.
However, the Supreme Court erred in denying that branch of the motion of the defendants Peter Robert Perpignano, Lillian Eisenberg, as personal representative of the estate of Irving Eisenberg, Bernice Eisenberg, as personal representative of the estate of Leonard Eisenberg, Charles Titone, Oceanview Realty Company, Oceanview Associates, Oceanview II Associates, Heyson Gardens Associates, Bridgeview II Company, Bridgeview II Associates, Bridgeview III Associates, Bridgeview III Housing Corp., and Sheila Leipsner (hereinafter collectively the Perpignano defendants) which was pursuant to CPLR 3211 (a) (5) to dismiss, as barred by the statute of limitations, Anthony’s second cause of action in the amended complaint insofar as asserted against Perpignano and Irving Eisenberg’s estate, since that cause of action was barred by the three-year statute of limitations (see CPLR 214 [4], [6]; Tatko v Sheldon Slate Prods. Co., 2 AD3d 1030, 1031 [2003]; Sciaraffo v LaMattina, 304 AD2d 644 [2003]) and the “relation back” doctrine was inapplicable (see Hughes v Bi Feng Nie, 12 AD3d 406, 407 [2004]; Benton v Kreitzer, 7 AD 3d 554, 554-555 [2004]; cf. Thomsen v Suffolk County Police Dept., 50 AD3d 1015, 1018 [2008]).
The Supreme Court also erred in denying that branch of the Perpignano defendants’ motion which was pursuant to CPLR 3211 (a) (5) to dismiss, as barred by the statute of limitations, Joseph’s third amended cross claim asserted against Perpignano and Irving Eisenberg’s estate insofar as they related to the diversion of partnership funds, as those amended cross claims did not relate back to the original cross claims and, therefore, were barred by the three-year statute of limitations pursuant to CPLR 214 (4) (see IDT Corp. v Morgan Stanley Dean Witter & Co., 12 NY3d 132, 139 [2009]; Hughes v Bi Feng Nie, 12 AD3d at 407).
Furthermore, the Supreme Court should have granted that branch of the Perpignano defendants’ motion which was pursu *822 ant to CPLR 3211 (a) (5) to dismiss, as barred by the statute of limitations, Joseph’s second amended cross claim asserted against Perpignano in its entirety, instead of dismissing it only to the extent that it was based upon property owned by Warded Apartments, Inc. Since none of the allegations contained in the second amended cross claim asserted against Perpignano related back to the original cross claims, it was barred by the three-year statute of limitations pursuant to CPLR 214 (4) (see IDT Corp. v Morgan Stanley Dean Witter & Co., 12 NY3d at 139; Carbon Capital Mgt., LLC v American Express Co., 88 AD3d 933, 939 [2011]; Hughes v Bi Feng Nie, 12 AD3d at 407).
The parties’ remaining contentions are without merit. Rivera, J.P., Leventhal, Had and Roman, JJ., concur.
Motion by the appellant-respondent on an appeal and cross appeals from an order of the Supreme Court, Nassau County, dated February 14, 2011, in effect, to dismiss stated portions of the cross appeal by the respondent-appellant Joseph Alizio on the ground that they have been rendered academic by an order of the same court dated March 16, 2012, and to strike stated portions of that respondent-appellant’s brief on the ground that they refer to matter dehors the record or take judicial notice of a stipulation of the same court dated February 3, 2004.
Upon the papers filed in support of the motion, the papers filed in opposition thereto, and upon the argument of the appeal and cross appeals, it is
Ordered that the motion is denied. Rivera, J.P., Leventhal, Hall and Roman, JJ., concur. [Prior Case History: 30 Misc 3d 1238(A), 2011 NY Slip Op 50393(U).]