■ In the Matter of BABA MAKHAN SHAH LOBANA SIKH CENTER, INC., et al., Appellants, v PARMJIT SINGH et al., Respondents. [983 NYS2d 47]—

In a proceeding pursuant to the Not-For-Profit Corporation Law, inter alia, to dissolve the Management Committee of Baba Makhan Shah Lobana Sikh Center, Inc., and to extend the terms of office of its executive officers until an election can be held, the petitioners appeal from an order and judgment (one paper) of the Supreme Court, Queens County (Agate, J.), dated June 9, 2011, which granted the respondents' cross petition for a declaration, inter alia, that Gurmej Singh is the president of Baba Makhan Shah Lobana Sikh Center, Inc., pursuant to the bylaws as amended September 16, 2007, in effect, made that declaration, and, in effect, denied the petition and dismissed the proceeding.

Ordered that on the Court's own motion, the proceeding is converted to an action, the order to show cause is deemed to be a summons, the amended petition is deemed to be the complaint, and the answer to the amended petition, the cross petition, and the opposition papers of the respondents, respectively, are deemed to be an answer, a counterclaim, and a motion for summary judgment dismissing the complaint and on the counterclaim for a judgment declaring, inter alia, that Gurmej Singh is the president of Baba Makhan Shah Lobana Sikh Center, Inc.,

pursuant to the bylaws as amended September 16, 2007 (*see* CPLR 103 [c]; *Matter of Southern Queens Park Assn. v Capitol Ins. Co.*, 107 AD3d 1006 [2013]); and it is further,

Ordered that the order and judgment is affirmed, with costs.

The petitioner Baba Makhan Shah Lobana Sikh Center, Inc. (hereinafter the corporation), was organized in 1998 as a not-for-profit corporation for the purpose, among others, of establishing and maintaining a Sikh temple in Queens. The corporation's bylaws provided, inter alia, for a Management Committee with members who remained "in office for their natural lives," and for 45 days' notice of any proposed amendment to the bylaws. In a notice dated August 16, 2007, the corporation's then-president informed the members of a meeting to be held on September 16, 2007, only 31 days after the date of the notice, to amend the bylaws. At the meeting on September 16, 2007, the members in attendance unanimously voted to amend the bylaws to provide for a new management structure. Pursuant to the amended bylaws, the members of a new Management Committee and a new Trust Committee served terms of up to three years. Moreover, the amended bylaws designated four members to each serve as the corporation's president for a one-year term.

After the meeting in September 2007, the new management structure was implemented. Jarnail Singh took office as the corporation's president in 2010. On or about December 20, 2010, as his presidential term neared its end, Jarnail Singh and other executive officers commenced this proceeding pursuant to the Not-For-Profit Corporation Law on their own behalf and on behalf of the corporation, inter alia, to dissolve the Management Committee, and to extend their terms as executive officers until an election could be held. The petitioners argued that the unlimited terms of office of the Management Committee members under the original bylaws violated Not-For-Profit Corporation Law § 703 (b). Moreover, they contended that the August 2007 notice of the amendment to the bylaws did not comply with the 45-day notice requirement for amendments set forth in the bylaws. Since Jarnail Singh contested the validity of the amended bylaws, he did not relinquish his position to Gurmej Singh, who was designated to succeed him pursuant to the amended bylaws.

The respondents, who had been members of the Management Committee prior to the amendment of the bylaws, filed an answer and a cross petition, seeking dismissal of the petition and a declaration, inter alia, that Gurmej Singh is the president of the corporation pursuant to the amended bylaws. In support

of their cross petition, the respondents argued that the former Management Committee with its unlimited terms of office no longer existed under the amended bylaws, and that Jarnail Singh did not object to the validity of the amended bylaws until commencing this proceeding in December 2010. In the order and judgment appealed from, dated June 9, 2011, the Supreme Court granted the respondents' cross petition, in effect, declared, among other things, that Gurmej Singh is the president of the corporation pursuant to the amended bylaws, and, in effect, denied the petition and dismissed the proceeding.

We note that although the petitioners commenced this matter as a special proceeding, and the respondents filed a cross petition in that proceeding, the relief sought by the respondents is cognizable only in an action at law (*see* CPLR 103 [b]; *Matter of Southern Queens Park Assn. v Capitol Ins. Co.*, 107 AD3d at 1007-1008). Accordingly, we exercise our authority pursuant to CPLR 103 (c) to convert the proceeding into an action, deem the amended petition to be the complaint, and deem the answer to the amended petition, the cross petition, and the opposition papers of the respondents, respectively, to be an answer, a counterclaim, and a motion for summary judgment dismissing the complaint and on the counterclaim for a judgment declaring, inter alia, that Gurmej Singh is the president of the corporation pursuant to the bylaws as amended on September 16, 2007 (*see Matter of Southern Queens Park Assn. v Capitol Ins. Co.*, 107 AD3d at 1007-1008).

The Supreme Court correctly concluded that the petitioners waived their right to 45 days' notice of the amendment to the bylaws made at the meeting on September 16, 2007. The affairs of the corporation have been administered in accordance with the amended bylaws since September 2007, and there is no evidence or allegation that the petitioners or any other member of the corporation objected to the validity of the amended bylaws until the commencement of this action in December 2010, more than three years later (*see Matter of Flushing Hosp. & Dispensary*, 288 NY 125, 131 [1942]; *Tatko v Sheldon Slate Prods. Co.*, 2 AD3d 1030, 1032 [2003]). Since the petitioners failed to raise a triable issue of fact as to the validity of the amended bylaws, which dissolved the Management Committee with its unlimited terms of office and designated Gurmej Singh as the corporation's president for the term succeeding that of Jarnail Singh, the respondents were entitled to summary judgment dismissing the complaint and on their counterclaim for a judgment declaring, among other things, that Gurmej Singh is the president of the corporation pursuant to the amended bylaws.

The petitioners' remaining contentions either are without merit or not properly before this Court. Eng, P.J., Balkin, Sgroi and Cohen, JJ., concur.