■ LA ROCK & PEREZ, LLP, Respondent, v SANG JOON SIM, Also Known as PETER SIM, Appellant, et al., Defendants. [987 NYS2d 381]—

Order, Supreme Court, New York County (Milton A. Tingling, J.), entered January 23, 2013, which, to the extent appealed from as limited by the briefs, denied defendant Sang Joon Sim's motion to dismiss the complaint as against him, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.

Plaintiff sues individual partner, Peter Sim, Esq., for a percentage of the legal fee obtained as part of the recovery for a personal injury suit that plaintiff handled at trial for defendant LLP pursuant to an oral contract. Plaintiff avers that at the time of the filing of the lawsuit, Sim & Park, LLP was in dissolution and had not demonstrated that it was sufficiently solvent to pay a judgment. The narrow exceptions to Partnership Law § 26 (b)'s shield of the partners of an LLP from direct or indirect liability for the debts, obligations and liabilities of the LLP do not include the LLP's inability to pay (see Partnership Law § 26 [c], [d]; We're Assoc. Co. v Cohen, Stracher & Bloom, 65 NY2d 148 [1985]; see also Idearc Media LLC v Siegel, Kelleher & Kahn LLP, 2013 WL 1879535, *2, 2013 US Dist LEXIS 64136, *4-7 [WD NY 2013]). Cases recognizing such liability either predate the enactment of Partnership Law § 26 (b) or do not involve LLPs (see e.g. Belgian Overseas Sec. Corp. v Howell Kessler Co., 88 AD2d 559 [1st Dept 1982]).

Nor does the complaint contain specific nonconclusory allegations of wrongful conduct by defendant to state a cause of action for liability pursuant to Partnership Law § 26 (c). Concur—Gonzalez, P.J., Sweeny, Moskowitz, Freedman and Kapnick, JJ.