■ WILLIAM BEESMER et al., Appellants, et al., Plaintiff, v BESICORP DEVELOPMENT, INC., et al., Respondents. [14 NYS3d 782]—

Rose, J. Appeal from an order of the Supreme Court (Cahill, J.), entered January 23, 2014 in Ulster County, which granted defendants' motion for summary judgment dismissing the complaint.

Plaintiffs commenced this action alleging that their former employers and the employers' related business entities had engaged in employment discrimination, fraud, conversion, breach of contract and unjust enrichment. Prior to answering, defendants moved to dismiss the first through twelfth causes of action and portions of the sixteenth through twenty-fourth causes of action. Supreme Court granted the motion and we modified by reinstating the seventh through ninth and thirteenth through fifteenth causes of action whereby plaintiffs William Beesmer and Joyce DePietro (hereinafter collectively referred to as plaintiffs) sought injunctive relief and a declaratory judgment determining that they have an ownership inter-

est in the successors to defendant Besicorp Ltd. (72 AD3d 1460, 1462-1463 [2010]).*

Following joinder of issue and discovery, defendants moved for summary judgment dismissing the remaining causes of action in the complaint. Supreme Court granted the motion, giving rise to this appeal.

Plaintiffs contend that they are entitled to injunctive relief and a judgment declaring that they are owners of stock in defendants as a result of the sale and liquidation of Besicorp Ltd. in April 2000. They claim that defendants failed to abide by the terms of their compensation agreements and certain Securities and Exchange Commission filings by refusing to pay them for compensation that was deferred in 1999 and shares of stock issued to them that same year. This action, however, was not commenced until 2008, and we agree with Supreme Court that, pursuant to the six-year statute of limitations applicable to claims for injunctive relief and breach of contract, the claims related to the April 2000 liquidation of Besicorp Ltd. are time-barred (see CPLR 213 [1]; Maya NY, LLC v Hagler, 106 AD3d 583, 585 [2013]; Foti v Noftsier, 72 AD3d 1605, 1607 [2010]).

Further, we are unpersuaded by plaintiffs' claims that they are entitled to deferred compensation and stock options pursuant to later agreements that allegedly occurred after the 2000 liquidation. Defendants established their entitlement to summary judgment on these claims with documentary evidence and plaintiffs' own deposition testimony that they had received the deferred compensation and let the stock options expire. Specifically, DePietro admitted that she never exercised the stock options issued to her in 2003 and, as a result, those options expired in 2006. As for Beesmer, although defendants provided him with a severance agreement in 2002 acknowledging the amount of deferred compensation owed to him, he testified that he subsequently received the full amount indicated as well as a separate check for the full interest on that sum.

In opposition to the motion, plaintiffs failed to identify any triable issues of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; Zuckerman v City of New York, 49 NY2d 557, 560 [1980]). Rather, they rely on vague assertions regarding

---

* Although we indicated in our prior decision that the nineteenth through twenty-fourth causes of action had been dismissed and abandoned (id. at 1461 n 2), Supreme Court's original order had only partially dismissed those causes of action. To the extent that plaintiffs seek damages pursuant to those causes of action based on defendants' alleged failure to pay deferred compensation and bonuses, those causes of action remained viable after our prior decision.

their entitlement to additional compensation and stock options without any specific evidence supporting their claims for further remuneration. Accordingly, the motion for summary judgment was properly granted. We have considered plaintiffs' remaining contentions and find them to be without merit.

Garry, J.P., Devine and Clark, JJ., concur. Ordered that the order is affirmed, with costs.