Oliver v Boone (2021 NY Slip Op 03119)





Oliver v Boone


2021 NY Slip Op 03119


Decided on May 13, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 13, 2021

Before: Renwick, J.P., Manzanet-Daniels, Kennedy, Shulman, JJ. 


Index No. 651822/20 Appeal No. 13827 Case No. 2021-00249, 2021-00251 

[*1]James Oliver, Plaintiff-Respondent,
v
Mary Boone, et al., Defendants-Appellants, Mary Boone Gallery, Defendant.


Zukerman Gore Brandeis & Crossman, LLP, New York (Ted Poretz of counsel), for appellants.
McLaughlin & Stern LLP, New York (Brett R. Gallaway of counsel), for respondent.



Order, Supreme Court, New York County (Andrea Masley, J.), entered on or about November 19, 2020, which denied defendants' CPLR 3211(a)(1), (3), (5), and (7) motion to dismiss the complaint, unanimously affirmed, with costs.
Contrary to defendants' contention, sections 3.4 and 8.3 of the partnership agreement do not conclusively state a limited partner has to make a capital contribution in order to be entitled to any distribution. They simply indicate the formula for how the profits are to be allocated and divided. Although it is clear that the original limited partners made capital contributions, the roster of limited partners has changed drastically during the partnership's existence, and none of the documents provided by defendants conclusively establish whether the incoming limited partners made any contributions to the partnership or whether they received any distribution of the profits. Further, plaintiff convincingly argues that defendants' proposed interpretation would conflict with section 9.3 of the agreement, which permits assignment of interest by the general partner without a capital contribution.
The motion court properly determined that plaintiff has standing to pursue his derivative claims and that the claims are timely. "Conversion is the 'unauthorized assumption and exercise of the right of ownership over goods belonging to another to the exclusion of the owner's rights'" (State of New York v Seventh Regiment Fund, 98 NY2d 249, 259 [2002] [citation omitted]). "If possession of the property is originally lawful, a conversion occurs when the defendant refuses to return the property after a demand or sooner disposes of the property"(Matter of White v City of Mount Vernon, 221 AD2d 345, 346 [2d Dept 1995]). Here, there is no dispute that the 19 artworks at issue were lawfully acquired and therefore defendants' argument that the conversion claim accrued at the time each work was purchased is without merit. Thus, plaintiff's cause of action against defendants accrued, at the earliest, when Boone exercised ownership over the artworks by taking them to her home and subsequently selling some of them, to the exclusion of the rights of the partnership. However, the record is silent as to the date when Boone removed the pieces from the gallery to her home. Furthermore, the complaint alleged that the sale of the three artworks, for which the partnership was not properly compensated, took place at least three years after plaintiff became a limited partner.
Further, plaintiff's relationship with Boone was not shown to be so acrimonious or emotional as to demonstrate that plaintiff cannot act as an adequate representative for the partnership (see Gilbert v Kalikow, 272 AD2d 63 [1st Dept 2000], lv denied 95 NY2d 761 [2000]; Cialeo v Mehlman, 210 AD2d 67, 67-68 [1st Dept 1994]). Next, plaintiff's claims are clearly pleaded, some as derivative and some as individual, there is no confusion, and plaintiff may bring both types of claims (see Pokoik [*2]v Pokoik, 146 AD3d 474, 475 [1st Dept 2017]).
We also find that plaintiff's complaint sufficiently stated a claim for breach of contract (see Harris v Seward Park Hous. Corp., 79 AD3d 425, 426 [1st Dept 2010]). In light of the partnership's lack of assets, Boone may be found personally liable for the partnership's debts and plaintiff's claim against her individually is proper at this juncture (see Belgian Overseas Sec. Corp. v Howell Kessler Co., 88 AD2d 559, 559 [1st Dept 1982]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 13, 2021